HERBERT DUFOLT, Appellant, *v.* WILLIS A. GORMAN, Respondent.

An order of the District Court granting a new trial, is not subject to review in the Supreme Court.

Objections to the admission of testimony should be made at the trial in the District Court, and if not objected to at that time, it is too late to take exceptions thereto in the Supreme Court.

A common carrier can acquire no lien upon goods or property belonging to the United States Government, for services rendered, in transporting such goods.

A verbal promise to pay the debt of another upon certain conditions, is not an original undertaking, and is within the Statute of Frauds.

The Plaintiff below sued the Defendant before a Justice of the Peace for Ramsey County, and recovered Judgment for the sum of $55 and costs, from which Judgment the Defendant appealed to the District Court.

The Complaint set forth that the Plaintiff on the 4th of February, 1854, had arrived at Saint Paul with 1650 pounds of goods and merchandize, which he had hauled from Watab, in Benton County, at the request of one Fairbanks, who requested him to deliver the same to one Fuller, at Saint Paul, on payment by said Fuller of the Plaintiff's reasonable charges, which amounted to $55, and for the payment of which the Plaintiff had a lien upon the goods.

That he offered the goods to Fuller, who refused to pay his charges thereon, and that thereupon the Defendant undertook and promised that if he, the Plaintiff, would deliver the goods to said Fuller, he, the Defendant, would pay the Plaintiff's

charges for hauling the same, as aforesaid, whereupon he delivered the goods to said Fuller.

The answer of the Defendant admits the hauling of the goods for Fairbanks, and that Fairbanks requested the Plaintiff to deliver them to the said Fuller, but that said delivery was to be unconditional, and avers that the said transportation was contracted for and procured by said Fairbanks, and that Fuller employed and paid Fairbanks for transporting said goods from Watab to Saint Paul.

The Defendant further denied that such hauling was worth the sum charged therefor, and expressly denied that he ever promised to pay the Plaintiff's charges, and denied that the Plaintiff had a lien on the goods for the payment thereof.

The reply to the answer denies that the goods were to be delivered to Fuller unconditionally, and denies that Fuller paid Fairbanks for the transportation thereof.

A jury trial was had, and a verdict was rendered against the Defendant for the sum of $55 and interest.

The Defendant moved to set aside the verdict and for a new trial, which motion was sustained and a new trial granted.

Afterwards, the parties waived a jury trial, and the cause was submitted to the Court upon the pleadings and evidence, who found as follows:

That in the month of February, 1854, a quantity of goods belonging to the Government of the United States, and destined to be distributed to the Chippewa tribes of Indians as annuities, were stored or lying at a place called Watab, in the County of Benton, in this Territory. That in obedience to an order of Government, some agent or officer of Government had contracted with one David L. Fuller, to transport said goods from said Watab to the city of Saint Paul. That said Fuller engaged one Fairbanks to procure the hauling of said goods, and that they were hauled by Plaintiff to Saint Paul at the request of, and procurement of said Fairbanks, but upon what terms or conditions does not appear in evidence. That the Plaintiff hauled the goods aforesaid to the place of destination (the store of said D. L. Fuller,) in Saint Paul, and that said Fuller refused to pay for the transportation of the same, and that the Plaintiff refused to deliver the goods without such

payment. That the Plaintiff called upon the defendant, who was and is the Governor and Superintendent of Indian affairs of this Territory, and that after two or three interviews, the Governor (the Defendant,) told him verbally to deliver the goods to said David L. Fuller, and if he, Fuller, did not pay the transportation, he, the Defendant, would, and that thereupon said goods were delivered by said Plaintiff to said Fuller.

The counsel for the Plaintiff insist that he, the Plaintiff, had a lien on the goods for the service in transporting the same, and that the discharge of said lien was a good and valid consideration for the promise of the Defendant. I determine and adjudge otherwise, and that the Plaintiff obtained no lien. upon the property belonging to the government of the United States, by any transportation of the same. I also adjudge and determine that the Plaintiff's legal claim for his services in the transportation of said goods, being on said Fuller, said Fairbanks, the promise of the Defendant, if made at all, was not binding upon him in law, it not being in writing. I also further adjudge and determine that for the last two reasons or either of them, the Plaintiff has failed to maintain his action, and that judgment must be rendered for the Defendant.

From this judgment the Plaintiff appeals to the Supreme Court.

Points and authorities relied on by the said Appellant:

*First.* That the Court erred in setting aside the verdict rendered in favor of the Plaintiff, September 25, 1854, and in granting a new trial to the Defendant.

*Second.* That the grounds upon which the Court set aside the said verdict and granted the new trial were insufficient.

*Third.* That the question, as to whether the said goods hauled by the Plaintiff, belonged to the United States or not, was a question of fact for the jury, and the evidence thereon did not justify the setting aside the verdict.

*Fourth.* That it was immaterial whether the said goods belonged to the Government of the United States or not.

*Fifth.* That the same was not an issue in the cause.

*Sixth.* That the material issue in the case was the promise

and contract of the Defendant to pay the Plaintiff for the hauling of said goods which was alleged by the Plaintiff and denied by the Defendant.

*Seventh.* That the said contract was clearly proved.

*Eighth.* That the delivery of the goods to Fuller, at the request of the Defendant was a sufficient consideration for the contract.

*Ninth.* That the Plaintiff had a right to hold the possession of the goods until he was paid as against the said Fuller or any party except the Government of the United States.

*Tenth.* That by the delivery of the goods to the said Fuller, at the request of the Defendant, the Plaintiff parted with the possession of the goods, when he might otherwise have held against the said Fuller, or any other party, but the Government of the United States, until he was paid.

*Eleventh.* That the presumption of law is that if the goods belonged to the United States, that the Plaintiff would not have been required to deliver the goods to the Government of the United States before he was paid.

*Twelfth.* That the contract was not within the Statute of Frauds, being an original contract and not a collateral undertaking to answer for the debt, default or miscarriage of another.

*Thirteenth.* That the Court erred in finding and directing judgment for the Defendant, October 23d, 1855, upon the trial before the Court.

*Fourteenth.* That the facts found by the Court upon said trial, would entitle the Plaintiff to a verdict and judgment in his favor.

*Fifteenth.* That the Court erred in finding that the goods hauled by the Plaintiff were goods belonging to the United States; there being no issue in the case as to the title of the goods, or as to whether they belonged to the United States.

*Sixteenth.* That the Court erred in finding that the Defendant was and is the Governor and Superintendent of Indian affairs; the same not being in issue, and it did not appear, nor was it averred that the Defendant acted in an official capacity, or as the agent of the United States in making the contract.

*Seventeenth.* That the Court erred in deciding that the Plaintiff had no lien for his services.

---

Dufolt *v.* Gorman.

---

*Eighteenth.* That the Court erred in deciding that the contract was not binding on the Defendant, because the same was not in writing.

*Nineteenth.* That the Court erred in deciding that for the last two reasons or either of them, the Plaintiff had failed to maintain his action.

### AUTHORITIES.

As to setting aside verdicts and granting new trials—*Sec.* 58, 59, *R. S.*, 359; *Smith vs. Hecks*, 5 *Wend.*, 48; *Jackson vs. Loomis*, 12 *Wend.*, 27; *Sec.* 11 *R. S.*, 414.

As to consideration of the contract, it is sufficient that something valuable flows from the person to whom it is made, although the promissor receives no benefit.— *Violett vs. Patten*, 5 *Cranch. R.*, 142; *Hinman vs. Moulton*, 14 *Johns. R.*, 446; *Stewart vs. McGuin*, 1 *Cow.*, 99; *Richardson vs. Brown*, 1 *Cow.* 255; *Lockwood vs. Bull*, 1 *Cow.* 322; *Smith vs. Weed*, 20 *Wend.* 184; 7 *J. R.* 463; 8 *J. R.* 376; 8 *J. R.* 30; 10 *J. R.* 412; 18 *J. R.* 412; 13 *Wend.* 144; 10 *Wend.* 461; 4 *Cow.* 439; 15 *Pick.* 166; *U. S. Digest*, 1 *Vol.*, *Sec.* 40, *page* 99, *and cases cited*; *Chitty on Con.* 29, 31; 5 *Pick.* 384; 2 *How'ds*, 426.

As to the right of the Plaintiffs to hold possession of the goods until he was paid:

*Sec.* 10 *R. S.* 489; *United States vs. Barney*, 2 *Hall's Law Journal*, 128; *Digest of Cases in the Federal Courts*, 2 *Vol. p.* 200, *Sec.* 29. *Ditto p.* 213, 8 *Sum. C. C. R.* 308, *in case of U. S. vs. Wild;* 4 *Pick.* 466.

As to the application of the Statute of frauds:

*Sec.* 2, *Chap.* 63, *R. S.* 268; *Watson vs. Randall*, 20 *Wend.* 201; *Larson vs. Wyman*, 14 *Wend.* 246; *Farley vs. Cleveland,* 4 *Cow.* 432; *Leonard vs. Vredenberg*, 8 *J. R.* 29; *Leonard vs. Vredenberg*, 8 *J. R.* 376; *Rogers vs. Kneeland*, 13 *Wend.* 114; *Gold vs. Phillips*, 10 *J. R.* 412; 17 *J. R.* 113; *Chapin vs. Merrill*, 4 *Wend.* 657; 7 *Wend.* 315; 5 *Wend.* 25.

As to contracts made by public officers, but acting in their individual capacity, and presumptions in reference thereto.

*Swift vs. Hopkins*, 13 *Johns.* 313; *Olney vs. Weekes*, 18

20

*Johns.* 122; *Sheffield vs. Watson,* 3 *Caines* 69; *Gill vs. Brown,* 12 *Johns.* 385.

The following are the points relied upon and authorities cited by the Respondent in the above entitled action:

*First.* That the complaint of the Plaintiff in the above action, does not contain facts sufficient to constitute a cause of action, and does not state or show any legal grounds to sustain the action.

*Second.* That the goods mentioned in the complaint were the goods and property of the United States of America, and in the possession of the officers and employees of the said U. S. Government, and that the hauling and transportation of the same by the Plaintiff was done at the request and by the procurement of David L. Fuller, who has contracted with the Government therefor, and not at the request or instance of the Defendant.

*Third.* That the Plaintiff could not acquire a lien upon the goods and property of the U. S. Government, and had not any subsisting lien upon said goods for the hauling and transportation of the same or otherwise.

*Fourth.* That the Plaintiff's claim for compensation for his services in the hauling and transportation of said goods, if any accrued or existed against the said Fuller, and was the debt of the said Fuller, not of the Defendant, and the Defendant was not liable for the same.

*Fifth.* That the supposed promise of the Defendant, as alleged in the complaint and as appears from the evidence in the cause, if made at all, was a promise to pay the previous existing debt of David L. Fuller, upon the condition that Fuller did not pay it, and was and is void in law, because the same was made, if made at all, without consideration, and because the same was not made in writing and signed by the Defendant, who is the party sought to be charged.

*Sixth.* That the evidence given upon the trial of the cause fully justifies and sustains the decision and judgment of the District Court thereon.

*Seventh.* That the decision and order of the District Court, setting aside the verdict of the Jury rendered upon the first

trial of the cause, and granting a new trial thereon, was legal, just and proper, and justified by the law and facts of the case.

*Eighth.* That the final decision and judgment of the Court, in favor of the Defendant and against the Plaintiff below, is fully justified and supported by the evidence and according to the law of the case.

Authorities cited in support of the above points:

*See Rev. Stat. of Minn.,* page 268, *Chap.* 63, *Sec.* 2; 3 *Metcalf's Rep.,* page 396 *Nelson vs. Boynton;* 18 *Pick. Rep.,* page 369, *Cahill vs. Bigelow & Trustee;* 18 *Pick. Rep.,* page 467, *Stone vs. Simms;* 15 *Pick. Rep.,* page 159, *Loomis vs. Newhall;* 6 *Pick. Rep.,* page 509, *Tilletsons vs. Nettleton;* 3 *Pick. Rep.,* page 83, *Cabot vs. Haskins;* 20 *Wend. Rep.,* page 201; 15 *Wend. Rep.,* page 343, *Parker vs. Wilson;* 15 *Wend. Rep.,* page 182, *Smith vs. Ives;* 14 *Wend. Rep.,* page 246, *Tarson vs. Welfman;* 7 *Cowen Rep.,* page 358, *Chaffer, vs. Thomas;* 4 *Johns. Rep.,* page 422, *Simpson vs. Patten;* 12 *Johns. Rep.,* page 291, *Jackson, vs. Reyner;* 7 *Term. Rep.,* page 201; 9 *Johns. Rep.,* page 337; 1 *Pennington Rep.,* page 5, *Smith vs. Toomey;* 1 *Pennington Rep.,* page 98, *Ayres vs. Herbert;* 2 *Pennington Rep.,* page 662; 1 *Bailey Rep.,* page 14; 2 *Souths. Rep.,* page 370, *Ashcraft vs. Clark;* 2 *Souths. Rep.,* page 577, 681; 1 *Peter's Rep.,* page 476, *De Wolf vs. Reyband;* 1 *Breese Rep.,* page 49, *Everett vs. Morrison;* 2 *Verm't Rep.,* page 453, *Skinner vs. Conant;* 1 *Bebb. Rep.,* page 488, *Smith vs. Coleman;* 5 *East. Rep.,* page 16, *Waine vs. Walters;* 5 *Cranch. Rep.,* page 142; 6 *Conn. Rep.,* page 81, *Sage vs. Wilcot;* 2 *Comstock Rep.,* page 563; 3 *Comstock Rep.,* page 345; 1 *Comstock Rep.,* page 535, 610.

HOLLINSHEAD & BECKER, Counsel for Appellant.

AMES & VAN ETTEN, Counsel for Respondent.

*By the Court*—SHERBURNE, J.   This action was brought by the Plaintiff to recover a sum of money which he alleged to be due to him for hauling a quantity of goods from Watab in this Territory to the city of St. Paul.   The action was tried before a jury and verdict rendered for the Plaintiff.   The verdict was

set aside by the presiding judge and a new trial granted. The cause was again tried by the Court, by consent of parties, and a verdict rendered for the Defendant. It now comes before this Court by appeal from the District Court.

Among a great number of causes stated by the Plaintiff's counsel why the judgment below should be reversed, the first twelve go to alleged errors of the District Court in granting a new trial. This has always been held a matter of discretion, and the order of the Court below not subject to review. It has been so held by this Court in a case not now reported.

The remaining points from thirteen to nineteen inclusive, go to the finding of the District Court at the last trial. The first objection which it is necessary to notice is, that the Court erred in finding that the goods transported by the Plaintiff were of the property of the United States, because that question was not put in issue by the pleadings. This cause was twice tried in the District Court, and in both instances the question of property in the goods was made and testimony introduced relating to it without objection. This appears presumptively from the record. The objection appears for the first time in this Court. The objection comes too late. See *Northrup & Huntley* vs. *Jackson*, 13 *Wend. R.* 175; *Whiting* vs. *Cochran*, 9 *Mass. R.*, 532; *Johnson* vs. *Shea*, 21 *Pick. R.*, 225. The testimony went to show a want of consideration for the promise, and it is unnecessary now to inquire whether it should have been excluded if objected to, or not, for, having been introduced by tacit consent of the Plaintiff, he has waived the error, if error it was.

The fact having been found that the goods transported by the Plaintiff belonged to the United States, a question can hardly arise as to whether the Plaintiff acquired a lien upon them to the amount of his services in transporting them. Individuals obtain no lien upon property of the government as security for their services. Such a power might often subject the operations of the government to the wishes and caprice of common carriers. The authorities cited do not support the position, and it requires no argument to prove that it cannot be supported.

The Plaintiff having no lien upon the property, then, there

was no consideration for the promise, and it was therefore void. But a question arises as to whether the promise was not void, admitting that there was a good consideration. The Defendant had a legal claim for his services, either against Fuller or Fairbanks. The Defendant directed the Plaintiff verbally to deliver the goods to Fuller, and if he did not pay for the transportation, the Defendant would. The Plaintiff contends that this contract or promise does not, upon the facts stated, come within the Statute of Frauds; and whether it does or does not is the question to be considered. It was a promise to pay the debt of Fairbanks or Fuller, if Fuller did not pay it. The original debt was not discharged, and even now remains in force unless it has been paid. The promise was not absolute but conditional. It was not an original undertaking, but a collateral one. It was made to pay a subsisting debt due from a third party to the Plaintiff. Such a promise is void, unless in writing, stating both the promise and consideration. I have examined the cases cited by the counsel for the Plaintiff, but they fail to sustain his position.

It is difficult to reconcile all the decisions upon the question, and quite as much so to establish any uniform rule by which all cases may be governed hereafter; but no instance has been shown where a mere verbal, collateral promise to pay the debt of another was held binding, except where the original debt was discharged, or the amount was placed in the hands of the promisor by which it might be discharged. Such cases have been held to be original undertakings, upon a new consideration and therefore not within the Statute. *See Farley vs. Cleaveland*, 4 *Cow*. 432, *and cases cited*. But in the case before us it cannot be contended that the Defendant received any benefit from a discharge of the lien, if the Plaintiff had any to discharge. The most which can be said is that the Plaintiff parted with a right which was of some value to him, although the Defendant was not benefitted. Such a consideration may be good if expressed in writing but not otherwise.

The case of *Nelson vs. Boynton*, 3 *Met. R*. 396, *is in point*. The Plaintiff had secured a demand which he held against a third person, by an attachment of his property. The Defendant made an absolute promise to the Plaintiff to pay the debt

in consideration that the Plaintiff would release the property from attachment.   This was done, but the Court held in an action upon the promise, that it was within the Statute and void.

*See also Jones vs. Cooper*, 2 *Cowp.* 227; *Jackson vs. Rayner*, 12, *John*, 291; *Simpson vs. Patten*, 4 *John*, 222, for a very clear and elaborate view of the subject.   See also *Farley vs. Cleaveland* before cited.

Judgment below affirmed.