## Joseph McCutchen,

### vs.

## The Town of Freedom.

By *Chap.* 20, *Laws* 1869, scrip or other evidences of indebtedness issued by the supervisors of a town to pay bounties to soldiers, and containing an agreement to pay a principal sum, and interest at twelve per cent. annually, were legalized both as to the agreement to pay principal, and interest.

In an action upon such scrip, or evidences of indebtedness, judgment was properly entered for the principal with interest at twelve per cent. until maturity, and seven per cent. thereafter.

This action was commenced in the district court for Rice county, to recover the amount of certain pieces of scrip issued by the town of Freedom to pay bounty to soldiers volunteering from said town to serve in the army of the United States, with accrued interest thereon. The defendant demurred to the complaint. The demurrer was overruled by the court and judgment ordered for the plaintiff for the principal sums mentioned in said pieces of scrip, with interest thereon until maturity at the rate of twelve per cent. per annum (the rate of interest named in the scrip) and after maturity at the rate of seven per cent. per annum. The defendant appeals to this court. The pieces of scrip were similar in form, and were all set out at length in the complaint, one of which is copied in the opinion of the court.

Cornell & Bradley for appellant, insisted that the order of the court below was erroneous in respect to interest, and cited 1 *Scam.* 67, 11 *Cal.* 14, 15 *Texas* 72, 18 *Eng.* (*Ark.*) 61, *Gen. Stat. sec.* 1, *p.* 226.

GORDON E. COLE for Respondent.

I.—*a*. The order allowing interest at twelve per cent. until maturity, and seven per cent. thereafter, was in strict accordance with the law of the State, applicable as well to towns entering the market as loaners as to individuals.

*b*. The *Healing Act, chap.* 20, *Session Laws of* 1869, especially ratifies not only the issuing of scrip, but its issue bearing interest.

*c*. It being conceded that towns have, either by prior authority or subsequent legislation, the power to hire money and issue bonds, scrip, or other evidences of indebtedness, the ordinary incidents of that power as they exist under the laws of the State, attach, and such instruments are to receive the same construction as those of individuals. *Robbins vs. School District No.* 1, *Anoka*, 10 *Minn.* 340; *Chaska Co. vs. Supervisors of Carver*, 6 *Minn.* 204; *Kelley vs. Mayor of Brooklyn*, 4 *Hill*, 263; *Ketchum vs. City of Buffalo*, 14 *N. Y.* 356; *Sanborn vs. School District No.* 10, *Rice Co.* 12 *Minn.* 19.

*By the Court*—BERRY, J.—This action is brought upon forty-two pieces of scrip, or evidences of indebtedness, of which the following is a sample.

"Letter B, No. 5, State of Minnesota, County of Waseca, Town of Freedom; Freedom Town Bond. Bounty to Volunteers. The town of Freedom will pay to Melvin J. Whipple, a volunteer from said town, or bearer, the sum of one hundred (100) dollars, with interest at the rate of twelve per cent. annually, payable two years from date, for and in consideration of services by him rendered in the army of the United States, as a volunteer from said township. Dated this 10th of April, 1865." (Signed and stamped.)

The defendant interposed a demurrer which the district court disallowed, ordering judgment for the plaintiff, for the amount of the principals of the several pieces of scrip, or evidences of indebtedness, together with interest on each of the same at the rate of twelve per cent. per annum, until the maturity of each respectively, and at the rate of seven per cent. per annum after such maturity.

The question is whether this allowance of interest was right. *Ch.* 20. *Laws of* 1869, upon which the counsel for plaintiff mainly relies, provides; "That the action of the supervisors of any town in this State, in * * issuing * * scrip, or other evidence of indebtedness, to pay bounties to soldiers, * * * and pursuant to such action by them heretofore had, * * and any tax which has been levied by any of the authorities specified in this act for the payment of the principal and interest, or either, of any * * scrip, or other evidences of indebtedness, issued for the purpose herein before mentioned, be and the same is hereby legalized, and made valid, and the levy and collection of a tax for the payment of the principal and interest thereof shall be legal, and binding on such * * town, the same as if such action had been fully authorized by law, and such tax shall be collected in the same manner as other * * town taxes are now collected. "

It is contended by the defendant's counsel: 1st.  That as interest is not recoverable at common law upon public indebtedness, the act cited should be strictly construed, and that as it does not expressly legalize the agreement to pay interest, no interest should be allowed :

2d.    That if any interest should be allowed, it should be allowed at the rate of seven per cent. only, till maturity, and no interest should be allowed after maturity.

We think neither of these positions tenable.   The act of

1869 is to be construed neither strictly, nor liberally, but fairly, and in such way as to arrive if possible at the intent of the legislature. This act provides that the *action* of the supervisors in issuing scrip, or evidences of indebtedness to pay bounties to soldiers, be, and the same is hereby legalized, and made valid. What was their *action* in this case? It was the issuing of scrip, or evidences of indebtedness in which they expressly agreed to pay certain principal sums, with interest thereon at twelve per cent. per annum.

The agreement to pay interest was just as much a part of their *action* as was the agreement to pay the principals, and we are of opinion that the former was legalized, equally with the latter. This opinion is fortified by a reference to subsequent clauses of the act, by which taxes which have been levied for the payment of principal and *interest* of the scrip issued are legalized, and made valid, and by which the future levy and collection of taxes for the payment of such principal and *interest* is made legal and binding. These provisions would be absolutely senseless unless the act contemplated the existence of an obligation to pay interest. Interest after the maturity of the paper at seven per cent. per annum, (which was rather in the nature of damages for the detention of money due, than interest strictly so called) was properly allowed under *Sec.* 1, *Ch.* 23, *Gen. Stat.*, which provides, that "interest for any legal indebtedness shall be at the rate of seven dollars upon one hundred dollars for a year," &c.

The counsel for the respondent argued, that if the act of 1869, was held to legalize the agreement made by the town in this case to pay twelve per cent. interest, it would also legalize an agreement to pay twenty-five per cent. This does not necessarily follow; but if it did, it would furnish

Atherton v. Sherwood.

no good reason for putting any other construction upon the act of 1869, than that which we have expressed.

Order affirmed.