JAMES JENSEN and others *vs.* LOUIS P. CREVIER and others.

May 18, 1885.

**Summons—Proof of Service—Conclusiveness of Return of Sheriff.—**
A sheriff made return of the service of a summons upon the defendants. Upon consideration of affidavits denying the fact of service, presented, after default, in support of an application for leave to defend, the court refused the application. *Held*, that the refusal was justified. *Frasier* v. *Williams*, 15 Minn. 219, (288,) holding that upon such an application the return of the sheriff is conclusive upon the defendant, *doubted.*

**Appeal—Review of Taxation of Costs.—**Alleged errors in the taxation of costs by the clerk of the district court will not be reviewed in this court, when no correction has been sought in the court below.

Appeals by defendants Louis P. Crevier and C. C. Bennett from a judgment of the district court for Hennepin county, entered upon default, and from an order by *Lochren*, J., refusing to set aside the service of the summons. The sheriff's return of service shows that the summons was served personally on defendant Bennett, and was served upon defendant Crevier by leaving a copy thereof "at the house of his usual place of abode with a person of suitable age and discretion then residing therein."

*Merrick & Merrick*, for appellants.

*J. W. Gilger*, for respondents.

DICKINSON, J.[1]  The summons in this action having been delivered to the sheriff for service, that officer made return showing service upon the defendants Crevier and Bennett. More than 20 days thereafter the defendants mentioned, who had not made any appearance in the action, applied to the court to be permitted to defend. The application was supported by affidavits alleging that the summons had not been served. The motion was denied, and the defendants appealed. An appeal was also taken from the judgment, to review alleged errors in it.

If we were to follow the decision in *Frasier* v. *Williams*, 15 Minn.

---

[1] Berry, J., was absent and took no part in this case.

219, (288,) to the effect that the return of the sheriff as to the service of the summons concludes the defendant, that would be decisive of this case. Whether the general rule there expressed, as to the conclusive effect of the officer's return, should be applied in a proceeding where the verity of the return is *directly* assailed, as it is in this case, may be doubted; and especially may its applicability be doubted as to an application before judgment to set aside an alleged default, or for leave to defend. The authorities do not agree. The question has not been argued in this case, and it is not necessary for us to pass upon it. The order appealed from was made upon a consideration of the affidavits presented for the purpose of showing the non-service of the summons, and, reviewing the case upon the same evidence, we find that the decision of the court below should be sustained.

Upon grounds of public policy, the return of the officer, even though not regarded as conclusive, should be deemed strong evidence of the facts as to which the law requires him to certify, and should be ordinarily upheld, unless opposed by clear and satisfactory proof. *Randall* v. *Collins*, 58 Tex. 231; *Driver* v. *Cobb*, 1 Tenn. Ch. 490; *Starkweather* v. *Morgan*, 15 Kan. 274. We consider that the court was justified in its determination of the fact in accordance with the official return. The application for leave to defend was made only upon the ground that there had been no service of the summons. The fact in that regard having been determined against the defendants, the refusal to open the default was justified.

Upon the appeal from the judgment we are asked to consider as to the correctness of the costs as taxed by the clerk of the district court and entered in the judgment. The alleged errors have not been brought to the attention of the judge of that court by appeal or otherwise, and therefore are not subject to review here. *Kent* v. *Bown*, 3 Minn. 346, (347;) *Hurd* v. *Simonton*, 10 Minn. 340, (423;) *Barry* v. *McGrade*, 14 Minn. 214, (286.)

Judgment and order affirmed.