JOHN T. GRAY and others *vs.* GEORGE HAYS, impleaded, etc.

June 4, 1889.

**Summons—False Return of Service—Judgment Set Aside.**—The proofs upon which the court below made an order setting aside a judgment, on the ground that an officer had made a false return upon the summons in the action, examined, and *held* to have justified the order.

Appeal by plaintiff from an crder of the district court for Ramsey county, *Simons*, J., presiding, granting the motion of defendant that a judgment entered against him jointly with one Cleminger (with whom he was impleaded as an alleged partner) be set aside as to him, and for leave to answer, on the ground that the summons had never been served upon him.

*Morphy & Gilbert*, for appellants.

*Ives & Zollman*, for respondent.

COLLINS, J.   In support of a motion to set aside a judgment entered against him in the above-entitled action, upon default, and for leave to answer, the defendant Hays submitted his own affidavit, in which he stated in the most positive manner that he had never been served with the summons, personally or otherwise; that he had never been notified in any manner of the commencement of the action; and that he had no knowledge whatsoever of it, or of the judgment therein, until within a few days preceding the making of the affidavit, some six months after the alleged service of the summons.   The return brought in question by the affidavit was made by an officer of the court in which this motion was made, namely, a deputy-sheriff, and was a certificate that he had served the summons upon each of the defendants personally, on the same day, at the city of St. Paul. The return was not supplemented upon the hearing of the motion, as it would seem to us might have been done, if the facts warranted it, by an affidavit of the officer setting forth some of the circumstances of the service, his acquaintance with or means of identifying the defendant in case he had no personal acquaintance with him, and other facts and circumstances which, if detailed, might tend to convince

the court of the improbability of a mistake upon the officer's part. This suggestion is not met by the assertion made upon the oral argument of the case, that the return contained all that could have been made to appear by affidavit, and therefore was fully as effectual, no matter what knowledge the deputy had of its correctness arising from facts not appearing therein except in a formal way, but which might be stated with some minuteness under oath, considered upon the hearing, and prove of great aid in determining where the truth might be. In *Jensen* v. *Crevier*, 33 Minn. 372, (23 N. W. Rep. 541,) it was very properly remarked that the return of an officer should be deemed strong evidence of the facts properly certified to, and be upheld, ordinarily; but the use of this language will not justify the assumption that a return cannot be impeached and overthrown by the affidavit of a party upon whom service is alleged to have been made, in which such service is most emphatically and unqualifiedly denied. It is true that appellants' attorneys presented affidavits as to their conversations with the defendant, which, if uncontradicted and unexplained, might have established the fact that he had some knowledge of the claim sued upon, and of the pendency of this action, before the entry of judgment. The explanation offered by the defendant of the conversations seems to have had weight in the court below, and, upon an examination of all of the evidence before it, we are not prepared to say that its order was erroneous.

Order affirmed.

DICKINSON, J. I doubt the sufficiency of the proof of the non-service of the summons to justify the court in setting aside the judgment.