W. S. BUFFHAM and another *vs.* ANDREW L. PERKINS and Garnishee.

April 16, 1890.

**Municipal Court—Vacating Judgment after Transcript Filed.—The** municipal court of the city of St. Paul has the authority, upon a proper showing, to vacate and set aside its judgments after transcripts thereof have been filed in, and executions issued out of, the district court, as provided and required by Sp. Laws 1889, c. 351, § 3.

On September 21, 1889, plaintiffs recovered judgment (for $107.28) by default in the municipal court of St. Paul against Hattie T. Stone, and Stone & Co., as garnishees of the defendant Perkins. On September 23d, transcripts were issued and filed in the district court for Ramsey county, and executions issued from that court. On October 5th, on application of Hattie T. Stone, the municipal court made an order vacating the judgment against her, and requiring her to make disclosure on October 12th, and an order enjoining the sheriff from enforcing the execution against her. From these orders the plaintiffs appeal.

*W. F. Carroll*, for appellants.

*M. D. Munn*, for respondent.

COLLINS, J. As that part of the order of the municipal court bearing date October 3, 1889, which restrained the sheriff of Ramsey county and his deputies from further proceeding under the execution issued in this action, had by its own terms ceased to be of force or effect several days prior to the taking of this appeal, we do not deem it necessary to pass upon the alleged error of the court in this respect.

The only remaining question of any moment whatever is that of the jurisdiction of the municipal court of the city of St. Paul over its judgments—its right to vacate or modify them, after transcripts have been filed in the district court, and executions issued therefrom, as provided by section 3 (p. 995) of the amendatory act, (Sp. Laws 1889, *c.* 351,) which deprived the court in question of the power, previously exercised under Gen. St. 1878, *c.* 64, § 96, to enforce its judgments by execution until such time as transcripts were filed in district court, and the judgments became liens upon real estate, and which granted to the last-named court the exclusive right to issue executions upon judgments of the municipal court, to be issued only after transcripts had been filed. It was determined in *Crosby* v. *Farmer*, 39 Minn. 305, (40 N. W. Rep. 71,) under the law as it existed before the amendment of 1889, that, notwithstanding a transcript had been filed in the district court, and it alone had the authority to enforce the collection of a judgment of this same municipal court by execution, the judgment was that of the latter court for all purposes except that of compelling its payment by execution. The municipal court, therefore, retained control over, and could vacate and set aside, its judgments, upon a proper showing. The amendment of 1889 has not changed the law upon this point, and the views of the court as expressed in *Crosby* v. *Farmer* are pertinent and applicable here.

Both orders affirmed.