GULBRAND KNUTSON *et al. vs.* N. T. DAVIES.

Submitted on briefs Nov. 15, 1892.   Decided Nov. 28, 1892.

**Officer's Return of Service may be Impeached.**

Where the rights of third parties have not intervened, an action will lie to set aside the judgment of a justice of the peace, rendered by default, upon a constable's certificate of service of the summons, if in fact such summons was not served; and in such action the return of the officer may be impeached.

**Evidence Considered.**

Evidence *held* sufficient to sustain a finding of fact.

Appeal by defendant, N. T. Davies, from an order of the District Court of Freeborn County, *Farmer*, J., refusing a new trial.

N. T. Davies recovered a judgment by default in the court of a justice of the peace against Knute Gulbranson and Gulbrand Knutson for the conversion of some hay belonging to him.   They brought this action in the District Court to have that judgment adjudged void and to restrain its collection, on the ground that they were not served with the summons and did not appear in the justice's court.   The trial court found that the constable's return of service was untrue; that they were not served and did not appear, and directed judgment canceling the judgment of the justice.   Davies moved for a new trial, and, being denied, he appealed.

*Quinn & Putnam* and *Brooks & Hendrix*, for appellant.

*John Anderson*, for respondents.

GILFILLAN, C. J.   It was held in *Crosby* v. *Farmer*, 39 Minn. 305, (40 N. W. Rep. 71,) that in direct proceedings to vacate (and this

action is such a proceeding) and where no rights of third persons have intervened, an officer's return of service may be impeached. As the judgment of the justice appeared by his records to have been rendered upon jurisdiction acquired, and as no adequate remedy could be had before the justice for the falsity of the return, the basis of such jurisdiction, an independent action in a court competent to give relief must lie.

Even as between the parties upon proceedings to impeach it the return of the officer is entitled to great weight, but it is impossible for us to lay down any rule prescribing how much evidence must be required to show it false. What weight is to be given to the evidence on each side is for the court below to determine; and while we might have been better satisfied with the result in this case had the court sustained the return, we cannot say its finding is unsupported by evidence, so as to justify us in reversing. The finding that the summons was not served required the judgment directed by the court below, so that it is not necessary to consider the other issue in the case.

Order affirmed.

(Opinion published 53 N. W. Rep. 646.)