JOHN H. ALLEN *et al.* *vs.* CHARLES W. MCINTYRE.

Submitted on briefs Jan. 24, 1894. Affirmed Jan. 30, 1894.

No. 8562.

Vacating judgment entered on default.

> Evidence *held* sufficient to justify the court in setting aside a default judgment on the ground that the summons had not been served on the defendant.

Appeal by plaintiffs, John H. Allen and Daniel H. Moon, from an order of the District Court of Ramsey County, *James J. Egan,* J., made September 18, 1893, setting aside a judgment entered December 1, 1891, against the defendant Charles W. McIntyre for $863.12.

*McLaughlin & Morrison,* for appellants.

*Edward G. Rogers,* for respondent.

MITCHELL, J. This is an appeal from an order setting aside a default judgment on the ground that the summons had never been served on the defendant.

The proof of service was the affidavit of one Belknap that he served the summons and complaint, personally, on the defendant, in the city of St. Paul, on November 9, 1891. It is settled that the proof of service, even when consisting of the return of an officer, is not conclusive, as against direct proceedings in the action to set aside the judgment. *Crosby* v. *Farmer,* 39 Minn. 305, (40 N. W. 71.)

But such proof should ordinarily be upheld, unless opposed by clear and satisfactory evidence. *Jensen* v. *Crevier,* 33 Minn. 372,

(23 N. W. 541.) It would be dangerous practice to permit the return or affidavit made at the time to be overcome by the mere uncorroborated affidavit, made long afterwards, upon slippery memory, of the defendant, to the effect that no service was ever made upon him. But this record does not, as plaintiffs seem to suppose, present such a case. It is a significant fact that although the judgment was obtained in November, 1891, and defendant was and continued a resident of the same city as the plaintiffs, and was actually engaged in business, and regularly, or at least frequently, buying large quantities of goods from plaintiffs, and frequently in their place of business,—not less than six times within a month after this action is alleged to have been commenced,—yet it does not appear that during all that time they ever spoke to him about the matter, or attempted to collect their judgment, until August, 1893; and no explanation of this course of conduct is attempted to be given.

It is also to be noted that plaintiffs offered no evidence in rebuttal, except the affidavit of the party who claimed to have made the service, in substantially the same terms as his original affidavit on the summons, and without any reference to the particular place where, or the circumstances under which, he claimed to have made the service. The affidavit of the deputy sheriff to whom the execution was delivered in August, 1893, is of little or no importance.

The delay of the defendant in moving to set aside the judgment is explained by his affidavit that he was not aware that any action had been commenced until shortly before he made this motion.

Upon the whole record, we could not say that the court was not justified in setting the judgment aside.

Order affirmed.

(Opinion published 57 N. W. Rep. 1060.)