OLE J. VAULE v. DAVID MILLER.[1]

October 21, 1897.

Nos. 10,776—(180).

**Judgment of Justice—Collateral Impeachment—Statutory Presumption as to Jurisdiction.**

G. S. 1894, § 5029, to the effect that, where a judgment of a justice of the peace has remained undisturbed for a period of not less than two years, such justice shall be presumed to have had jurisdiction of the subject-matter of the action and the parties thereto at the time of rendering such judgment, where it appears by his docket that he did acquire and had such jurisdiction, construed, and *held*, that after the lapse of the limitation of two years such a judgment cannot be impeached in a collateral action or proceeding, by extrinsic evidence showing that the justice did not in fact have jurisdiction to render the judgment, but it may be impeached when directly attacked.

**Same—Action to Set Aside.**

An action may be maintained to set aside a judgment valid on its face on the ground that the summons was never served on the defendant. Such an action is not a collateral, but a direct, attack upon the judgment.

[1] Reported in 72 N. W. 452.

Same—Action on Judgment—Equitable Counterclaim.

In an action on a judgment the defendant may, by way of counterclaim and equitable defense, set up facts which would justify a court of equity in canceling the judgment on the ground that the summons had never been served on him, and have, in case he establishes his defense, the judgment canceled.

Same—Degree of Proof.

It is not sufficient to establish such defense by a mere preponderance of the evidence. The evidence must be clear, and practically conclusive.

Same—Sufficiency of Evidence.

Evidence considered, and *held*, that it does not sustain the verdict.

Same—Costs on Execution.

An entry in a justice's docket in these words: "Execution returned wholly unsatisfied. Costs on execution, $19.50,"—is not sufficient to establish, prima facie, the plaintiff's right to recover in an action upon the judgment $19.50 as accrued costs on execution.

Same—Omission of Restitution Bond.

A judgment of a justice of the peace, in an action where he omitted to require a restitution bond pursuant to G. S. 1894, § 5024, is irregular, but not void.

Appeal by plaintiff from a judgment of the district court for Polk county entered pursuant to a verdict for defendant after a trial before Ives, J. Reversed.

*Ole J. Vaule,* in pro. per.

*Martin O'Brien,* for respondent.

START, C. J.

This is an action commenced June 1, 1895, upon a judgment for the sum of $58.15, recovered in a justice court on June 18, 1885, in an action wherein John Ovre was plaintiff and the defendant herein, David Miller, was defendant. The judgment was assigned to the plaintiff herein. The answer in this action was in the nature of a counterclaim to the effect that the justice court was without jurisdiction to render the judgment, because (a) the summons was never served upon the defendant, personally or otherwise, and he never appeared in the action; (b) no bond was filed before the entry of the judgment as required by law (G. S. 1894, § 5024),—and prayed as affirmative relief that the judgment be canceled.

On the first trial of this action the district court dismissed it, and on appeal to this court a new trial was granted. Vaule v. Miller, 64 Minn. 485, 67 N. W. 540.

On the last trial of the case the plaintiff introduced in evidence the docket of the justice, showing the entry of the judgment; also the following entry, among others:

"June 11.   Summons returned, having been personally served on the defendant.   See summons on file."

The summons and constable's return thereon, and a written assignment of the judgment, were also given in evidence by the plaintiff, who then rested.   The return on the summons was in these words:

"State of Minnesota, County of Polk—ss.:   I hereby certify and return that at the town of Angus, in said county and state, on the 9th day of June, 1885, I served the within summons upon the within-named defendant, David Miller, by reading, handing to, and leaving a true copy at his usual place of abode, with a person of suitable age and discretion, who was then residing therein.
                        "Ed. Charboneau, Constable."

The docket contained an entry in these words:

"July 3rd, 1885.   Execution issued and delivered to Charboneau. December 15th, 1885.   Execution returned wholly unsatisfied. Costs on execution, $19.50."

The defendant, over the objection and exception of the plaintiff, gave oral evidence for the purpose of showing that no bond was given before the entry of the judgment, and that the summons was never served as certified by the officer or otherwise.   The defendant admitted that he learned of the existence of the judgment in July, 1885.   At the close of the evidence the plaintiff requested the court to instruct the jury to return a verdict in his favor for $77.65 and interest, the amount of the judgment and the $19.50 accrued costs on the execution.   This was denied, and he then requested that the jury be instructed to return a verdict for him in the sum of $58.15 and interest.   This request was also denied.   The jury returned a verdict for the defendant.   Thereupon the plaintiff made a motion for judgment in his favor for $77.65 and interest, notwithstanding

the verdict, which was denied. Judgment was entered for the defendant, from which the plaintiff appealed.

It was held on the former appeal in this action that the return of the officer on the summons was sufficient, that the justice acquired jurisdiction, prima facie, at least, to hear and determine the case; and that it was not essential to the validity of the judgment that his docket should show the fact that a security bond was filed before the judgment was entered. This decision is the law of this case. Bradley v. Norris, 67 Minn. 48, 69 N. W. 624. It was not decided on the former appeal whether the defendant could or could not impeach the judgment by showing that the summons was not in fact served upon him. Nor was it decided, except inferentially, what would be the effect upon the judgment of a failure to file the bond. We now hold that the failure to file a security bond is not a jurisdictional defect rendering the judgment void, but is an irregularity only.

But, as already suggested, it was decided in this case on the former appeal that it does appear by the docket of the justice and the judgment itself that the justice did have jurisdiction of the subject-matter of the action and the parties thereto at the time of rendering the judgment. We have, then, a judgment of a justice court in an action wherein it is shown by the docket and on the face of the judgment that the justice had jurisdiction of the subject-matter and the parties at the time of rendering the judgment, and it is sought by the defendant, nearly ten years after the rendition of the judgment and notice thereof to him, to impeach the judgment by showing by extrinsic evidence jurisdictional defects. It seems to be conceded by both parties hereto that such an attack upon this judgment is a collateral attack. If the concession be correct, then, under the provisions of G. S. 1894, § 5029, this judgment could not be so impeached. The statute, so far as here material, is in these words:

"In all cases where a judgment has been rendered by a justice of the peace, and the same has not been appealed from, or reversed, or annulled, and has remained undisturbed for a period of not less than two years, such justice of the peace shall be presumed to have had jurisdiction of the subject-matter of the action and the parties thereto at the time of rendering such judgment, where it appears by the

docket  *  *  *  that, at the time of rendering such judgment, he did acquire such jurisdiction."

The defendant claims that this statute cannot be construed as raising a conclusive presumption of the validity of such judgment in a collateral action or proceeding after the lapse of two years, because, if such was the intention of the legislature, it would have been expressly so stated therein. The presumption which this statute raises is either conclusive or simply prima facie. If the latter, the statute is unnecessary and meaningless, for, without it, a judgment, where the docket of the justice shows upon its face that at the time of rendering it he had acquired jurisdiction of the subject-matter of the action and of the parties, is presumed, prima facie, to be valid. To construe the statute as raising after the lapse of two years only a disputable presumption as to the jurisdiction of the justice would defeat its purpose, and render it a nullity, for such a construction would leave the presumption after the lapse of two years precisely the same as the presumption existing during the two-years limitation,—simply prima facie in each case. It cannot be so construed. It is a remedial statute, and must be construed so as to effect the manifest purpose of its enactment, which was to prevent the mischief and injustice resulting from collateral attacks upon such judgments of a justice court as are shown by the record thereof to be valid. This result is accomplished by fixing a limitation of two years after which such judgments are as conclusively presumed valid, when attacked collaterally, as if they were judgments of a court of general jurisdiction.

Our construction of this statute is that it establishes, after the lapse of two years, a conclusive presumption as to the jurisdiction of the justice rendering such judgments in the nature of a statute of limitations when they are assailed collaterally. See State v. School, 54 Minn. 213, 55 N. W. 1122, wherein a statute which provided that "every school district shall be presumed to have been legally organized when it shall have exercised the franchises and privileges of a district for the term of one year" was construed as establishing a conclusive presumption as to the organization of school districts after the expiration of the period of limitation.

If this statute were to be construed as raising a conclusive presumption of the validity of such a judgment when attacked directly, —for example, by motion in the original action, or by an action in equity to set aside,—it would probably be unconstitutional. Baker v. Kelley, 11 Minn. 358 (480). The statute must be so construed as to make it harmonize with constitutional prohibitions. Hence we construe it as raising a conclusive presumption of the validity of such justice court judgments only when they are 'attacked collaterally. This places, after the lapse of two years, a judgment of a justice of the peace, valid on its face, on the same footing as a judgment of courts of record. To extend the presumption to direct attacks, if it were competent for the legislature to do so, would make such justice court judgments more invulnerable than judgments of the district court,—a result not to be imputed to the legislature if the language of the statute is susceptible (as it is) of any other reasonable construction.

It follows from our construction of this statute, if the defense set up in the answer in this case is a collateral attack upon the judgment, that the answer does not state a defense, and the trial court erred in receiving any evidence in support of the answer.

But is the defense in this case a collateral attack on the judgment? We answer the question in the negative. It may be conceded that an action upon a judgment is a collateral proceeding. It does not, however, follow from the concession that the answer in this case is a collateral attack, for an action to set aside a judgment upon the ground of jurisdictional defects is not a collateral, but a direct, attack upon it. Van Fleet, Coll. Attack, § 3. Whatever question upon the subject there may be in other jurisdictions, it is settled in this state that an action in equity may be maintained to set aside a judgment upon the ground that the summons was never served upon the defendant, and the officer's return of service shown to be false, where the rights of bona fide purchasers under a judgment valid on its face are not involved. Whether such an action could be maintained against such a purchaser we do not decide. Magin v. Lamb, 43 Minn. 80, 44 N. W. 675.

Then the defendant herein might have brought a direct action to set this judgment aside on the ground that no summons was ever

served on him. Such being the case, the defendant had a right—as he did do—to set up his alleged cause of action to have the judgment canceled, in his answer, by way of counterclaim, under the provisions of G. S. 1894, § 5237. It is certainly connected with the subject of the plaintiff's action; that is, the judgment. In jurisdictions where, as in our own state, the distinctions between legal and equitable proceedings are abolished, and equitable defenses are permitted to be interposed in actions at law, a defendant may, in an action on the judgment, set up as a defense facts which would require a court of equity to cancel the judgment for jurisdictional defects if he had brought an independent action for that purpose. 2 Freeman, Judgm. § 435. The answer in this case states a good cause of action for the cancellation of the judgment, and, if the evidence on the part of the defendant is sufficient to establish this cause of action, the verdict in his favor must be sustained.

This brings us to a consideration of the evidence. The defense in this case was an equitable one, and the defendant, in order to maintain it, was bound to establish it by evidence so clear and free from doubt that it would require the court to cancel the judgment if this was an action by the defendant for that purpose. A mere preponderance of the evidence is not sufficient. Allen v. McIntyre, 56 Minn. 351, 57 N. W. 1060.

Tested by this rule, the evidence is not sufficient to sustain the verdict in this case. The judgment was valid on its face. The proof of the service was the return of a sworn public officer, and the judgment had remained unassailed for ten years, although the defendant had notice of it within a month after its rendition. To set aside such a judgment in these days of easy and seldom punished perjury upon the unsupported testimony of the defendant that the summons was never served on him, and that he never received it, would be a most dangerous precedent.

It is claimed, however, on behalf of the defendant, that his testimony is corroborated. The corroboration was very slight, and consisted of the negative evidence of two of the then members of his family to the effect that the summons was not left with them, who testified to the fact more than ten years after the officer returned the

summons as served. How they happened to remember and recall this negative fact after the lapse of ten years is not explained.

Again, the defendant's testimony is impeached by his own conduct. He knew of the entry of the judgment in July, 1885. An execution was issued on the judgment July 3 of the same year. He was then, and ever since has been, a resident of the county in which the judgment was rendered, and yet he took no steps for ten long years to have the judgment set aside.

The evidence was not sufficient to justify a verdict in defendant's favor, and the trial court erred in not instructing the jury to return a verdict for plaintiff for $58.15 and interest, as requested.

While the plaintiff, in one of his requests for instruction, which was denied, asked that the jury be directed to return a verdict in his favor for $58.15 and interest, the amount of the judgment, yet his motion for judgment notwithstanding the verdict was for $77.65 and interest, which included $19.50 accrued costs on execution. The defendant claims that, in any event, the plaintiff was only entitled to a verdict for the amount of the judgment, for the reason that he offered no competent evidence on the trial to sustain his claim for the $19.50. The only evidence to support the claim was the docket entry, "Costs on execution, $19.50." This does not establish, prima facie, the claim. The statute (G. S. 1894, § 4961) does not require the justice to enter in his docket the costs on execution, but the fees due to each person separately. The entry in question does not comply with the statute. Hence the denial by the trial court of the motion for judgment after verdict was technically correct. But it appears from the record that the plaintiff is entitled to judgment for $58.15 and interest, and that a new trial would serve no practical purpose.

The judgment must therefore be reversed, and the case remanded, with directions to the district court to enter judgment for the plaintiff, notwithstanding the verdict, for $58.15 and interest.

No statutory costs will be allowed the appellant in this court, for, if he had asked judgment for the correct amount, the trial court possibly might have granted it. So ordered.