## F. W. SIEWERT AND OTHERS v. MAUD (ALSO KNOWN AS MARGARET) O'BRIEN.[1]

March 4, 1938.

No. 31,559.

*Daly & Barnard,* for appellant.
*Robert Beach Henton,* for respondents.

PETERSON, JUSTICE.

The action is on a judgment entered by default on December 28, 1925, in which plaintiffs recovered $1,154.29 against the defendant

[1]Reported in 278 N. W. 162.

and her husband. The husband had the judgment discharged as to him in bankruptcy. He died before the commencement of this action. The judgment roll contained a proof of service by an affidavit in regular form, by a person, not an officer, that he served the summons upon defendant personally. Defendant claims that the summons was never served on her, that the affidavit of service is false, and that the purported affidavit is in fact no affidavit at all because the alleged affiant did not swear to it. The assignments of error challenge (1) the admissibility of the affidavit as part of the judgment roll; (2) the regularity and validity of the affidavit; and (3) the weight of the evidence.

■ There is no counterclaim for affirmative relief setting aside the service of summons and vacating the judgment. Strictly, this is a case of collateral, not direct, attack on the judgment. Vaule v. Miller, 69 Minn. 440, 72 N. W. 452. We do not want to be understood as holding that a domestic judgment of a court of general jurisdiction may be attacked collaterally by parties or their privies for want of jurisdiction not affirmatively appearing on the face of the record. The rule seems to be well settled that this is not permissible. In such cases, extrinsic evidence is not permissible to show want of jurisdiction, and the proof of service is not subject to collateral attack. 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934, 1937) § 5141; Crosby v. Farmer, 39 Minn. 305, 40 N. W. 71; Leland v. Heiberg, 156 Minn. 30, 194 N. W. 93. The question was treated below, however, as one involving a direct attack, and we dispose of it here on that basis.

■ The proof of service is part of the judgment roll. The entire judgment roll is admissible in an action brought on a judgment. 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1934, 1937) §§ 5148, 5154, 5155.

■ Testimony was received as to the taking of the affidavit. The evidence shows that the alleged affidavit was signed by the affiant and that the notary signed it and affixed his official seal. The evidence shows that the notary public before whom it appears to have been sworn to did not administer an oath, ask the alleged affiant if he swore to the instrument, or say anything to him about it.

It is claimed that there was no affidavit because no oath in fact was taken. The evidence further shows that the same person who appears to have made the affidavit of service signed many affidavits of service before the same notary in the same manner. Our statute does not require any particular formality in making or taking an oath. If the oath is in writing, the statute authorizes the officer taking it to certify the same under his official signature and the seal of his office, if there be one. 2 Mason Minn. St. 1927, § 6967.

When the signatures are proved it is presumed that an affidavit was actually sworn to by the person whose signature is subscribed as affiant. State v. Madigan, 57 Minn. 425, 59 N. W. 490. The presumption of regularity and validity extends to every fact necessary to sustain the affidavit. The presumption can be overcome only by proof to the contrary. In this case the record is inconclusive. It does not appear that the alleged affiant did not indicate to the notary that he was making and subscribing an affidavit and that thereupon the notary signed it and affixed his seal. If this was done, the affidavit would be sufficient. In State v. Day, 108 Minn. 121, 124, 121 N. W. 611, 613, we said:

"The essential thing is that the party taking the oath shall go through some declaration, or formality, before the officer which indicates to him that the applicant consciously asserts or affirms the truth of the fact to which he gives testimony."

The record is silent upon this point. The presumption is that this was done. This is sufficient to save the affidavit.

■ The court instructed the jury that the affidavit was not conclusive proof of the fact of service, but was entitled to the same weight as if the party making it had testified personally to the fact of service. The issue for the jury, in short, was whether it would find that service had been made as stated in the affidavit or that service was not made as claimed by the defendant in her testimony. Such an issue would be permissible in cases of direct attack, in which the issue is tried by the court itself. Jensen v. Crevier, 33 Minn. 372, 373, 23 N. W. 541; Crosby v. Farmer, 39 Minn. 305, 40 N. W. 71; Knutson v. Davies, 51 Minn. 363, 364, 53 N. W. 646;

Allen v. McIntyre, 56 Minn. 351, 57 N. W. 1060. But since the court submitted the issue to the jury, we see no objection to the charge. Under 2 Mason Minn. St. 1927, § 9237, proof of service of summons may be made by the sheriff's certificate and if service be made by any other person, by his affidavit. The statute places the affidavit of service on the same footing as the return of the sheriff. Crosby v. Farmer, *supra*. The proof of service is evidence of the facts which the law requires to be stated therein. In Jensen v. Crevier, *supra*, it was held that the return of the officer, while not conclusive, is "deemed strong evidence" of the facts which the law requires him to certify. In Knutson v. Davies, *supra*, it was held that an officer's certificate of service is entitled to "great weight." In Allen v. McIntyre, *supra*, it was held that where the proof of service is by affidavit of a person, not an officer, making such service, it should ordinarily be upheld unless opposed by clear and satisfactory evidence. If the court had tried this issue, as it might, without the jury, it would have been bound to give at least the same weight to the affidavit as if the affiant had testified to the contents thereof. We see no objection to the court telling a jury so in a case in which it submits the issue to a jury.

The order appealed from is affirmed.

MR. JUSTICE STONE, because of illness, took no part in the consideration or decision of this case.