MORRIS H. GLAUBER and Others v. HENRY P. WALLACE.[1]

April 24, 1908.

Nos. 15,680—(108).

**Opening Default Judgment.**

Evidence *held* sufficient to justify an order setting aside a default judgment on the ground that the summons was not served upon the defendant.

Appeal by plaintiffs from an order of the municipal court of Minneapolis, C. L. Smith, J., vacating a judgment for $83.60 entered by a justice of the peace against defendant. Affirmed.

*Everett Moon* and *Chas. E. Bond,* for appellants.

*Frank W. Booth,* for respondent.

BROWN, J.

Appeal from an order of the municipal court of the city of Minneapolis vacating and setting aside a default judgment on the ground that the summons in the action was not served upon the defendant. It appears that the judgment was rendered by a justice of the peace on September 9, 1899, and subsequently transferred to and became a judgment of the municipal court under chapter 391, Sp. Laws 1901.

The summons in the action, if served at all, was served by an agent of plaintiff, and not by an officer. Defendant did not appear before the justice, and the judgment was rendered against him on default. He moved the municipal court in October, 1907, to vacate the judgment on the ground stated, and supported his motion with affidavits in which he stated, among other things, "that affiant is positive that no summons or other paper in the action * * * has ever been served upon him," that he had no notice of the existence of the judgment until about the time of his motion to discharge the same, and that no attempt was ever made to collect it until just prior to the entry of his motion. Plaintiff opposed the motion, and supported the judgment by offering the record, in which appears the summons in due form, with an affidavit indorsed thereon of the service upon defendant. He also

1 Reported in 116 N. W. 107.

offered other affidavits tending to corroborate the claim that the summons was properly served, among them being one by the person who claims to have made the service, but which appears to be based almost wholly upon the facts disclosed by his former affidavit attached to the summons. It also appears that at the time the action was commenced another person of the same name as defendant resided in Minneapolis and that they were frequently mistaken for each other.

Other matters disclosed, tending to substantiate plaintiff's claim of service or defendant's denial thereof, need not be stated. Taken altogether, the affidavits pro and con presented a question of fact for the trial court to determine, and the showing made by the defendant is not so weak, or that of plaintiff so strong, as to justify the reversal of the action of that court. Flanigan v. Duncan, 47 Minn. 250, 49 N. W. 981; Knutson v. Davies, 51 Minn. 363, 53 N. W. 646; Olmstead v. Olmstead, 41 Minn. 297, 43 N. W. 67. The case comes within the facts shown in Allen v. McIntyre, 56 Minn. 351, 57 N. W. 1060, and the decision there made controls our action in the case at bar. There, as here, defendant explicitly denied that the summons was ever served upon him, the judgment was by default, defendant had no notice of its entry until about the time he moved to vacate it, and there was the same long delay in each case in any attempt to enforce it.

The case of Vaule v. Miller, 69 Minn. 440, 72 N. W. 452, is distinguishable. In that case the defendant had actual notice of the judgment within a month of its entry, and with that knowledge permitted it to remain of record unquestioned for nearly ten years. This fact, which was not questioned, was held sufficient to overcome the negative evidence of defendant that summons was not served upon him.

Order affirmed.