## THE STATE v. KUTTER ET AL.

CRIMINAL LAW.—*Irregularity Before Justice.—Practice.*—An irregularity in the trial of a criminal prosecution, before a justice of the peace, is not ground for its dismissal on appeal to the circuit court.

SAME.—*Insufficient Certificate.*—An irregularity in the certificate of the justice to the transcript on appeal is reached by motion to dismiss the appeal and not the cause.

SAME.—*Affidavit.—Name.*—The fact that, in an affidavit against several persons, in a criminal prosecution, the christian name of one defendant is omitted, is ground for dismissal as to that defendant, but not as to the others.

SAME.—*Riot.*—In an affidavit for a riot, the fact that such riot is alleged to have been committed in "a riotous and tumultuous," instead of in a "violent," etc., manner, does not render it insufficient.

From the Ohio Circuit Court.

*C. A. Buskirk*, Attorney General, *G. R. Brumblay*, Prosecuting Attorney, *A. C. Downey* and *H. S. Downey*, for the State.

NIBLACK, J.—This was a prosecution commenced against the appellees and others, before a justice of the peace for a riot.

The affidavit was as follows:

" The State of Indiana
            *v.*                        } Riot.
" John F. Kutter and others. }

"July 10th, 1877, comes John F. Langenkamp, and, being duly sworn, on his oath says, that on the 3d day of July, 1877, at the county of Ohio, in the State of Indiana, John Frederick Kutter, Mrs. Kutter, the wife of said Kutter, Henry Kutter, Mrs. Kutter, the wife of the said Henry Kutter, and Sophia Kutter, did, in a riotous and tumultuous manner, interrupt the family of Frederick Cumula and John F. Langenkamp and his daughter Mary, whilst the said Langenkamp and daughter were peaceably travelling on the highway in a wagon drawn by horses, to the imminent danger of the said horses and wagon, and to the endangering the lives of the said occupants of said wagon.        JOHN F. LANGENKAMP.

"Subscribed and sworn to before me this 10th day of July, 1877.        LEVI ADKINSON, Justice of the Peace."

Henry Kutter was tried before the justice, and fined two dollars and costs.

The other defendants were tried by a jury, and a verdict was returned: "We, the jury, find the two defendants John Frederick Kutter and his wife, Catherine Kutter, guilty as charged. Mena Kutter, wife of C. H. Kutter, and Sophia Kutter, not guilty."

Upon this verdict, the justice assessed a fine of five dollars against the said John F. Kutter, and of one dollar against the said Catherine Kutter, and costs against each in proportion to the respective amounts of the fines.

The said Henry Kutter, John F. Kutter and Catherine Kutter then appealed to the circuit court, where they moved to dismiss the action for the following causes:

1.   Because the affidavit before the justice is insufficient and does not show a cause of action;

2.   Because the judgment of the court is illegal, uncertain and void, as no valid and binding judgment could be rendered on the verdict of the jury by the court, as is shown by the transcript;

3.   Because the christian name of one of the defendants herein is not given, and no reason shown why it is not given;

4.   Because the certificate to the transcript is insufficient, and not as the statute requires.

The circuit court thereupon sustained the motion to dismiss the action and discharged the said Henry Kutter, John F. Kutter and Catherine Kutter, on the ground that the jury, in their verdict against two of the defendants, in the justice's court, did not fix the amount of the fine to be imposed on each of them, and on the further ground that the affidavit did not state the first name of Mrs. Kutter, the wife of the said John F. Kutter, one of the defendants found guilty in the justice's court.

The State assigns for error here the dismissal of the action, as above stated.

An irregularity on the trial in the justice's court afforded no ground for the dismissal of the action in the circuit court, as the cause stood for trial *de novo* in that court as to the parties appealing from the judgment of the justice.

The objection to the certificate of the justice to the transcript was a matter proper to be considered on a motion to dismiss the appeal, and not the action.

As the christian name of Catherine Kutter was not given in the affidavit, nor alleged to be unknown, the action was properly dismissed as to her, but that omission furnished no cause for the dismissal of the action as to her co-defendants, in the court below.

The affidavit, in describing the offence charged, does not use the precise words used in the statute in defining a riot, but employs what we regard as equivalent words. In that connection we consider the word " riotous " as the substantial equivalent of the word " violent," and feel authorized to so construe it.

The affidavit, though quite informal, appears to us to have been substantially sufficient as against the said Henry Kutter and the said John F. Kutter, and we think the court erred in dismissing the action as to them.

The judgment as to said Catherine Kutter is affirmed, and, as to the said Henry Kutter and John F. Kutter, is reversed, at their costs, and the cause remanded for further proceedings as to them.