Hon. TIMOTHY P. REDFIELD,  
Hon. JONATHAN ROSS, } Assistant Judges.  
Hon. WHEELOCK G. VEAZEY,

---

## SARAH BALLARD *v.* ST. ALBANS ADVERTISER COMPANY.

### *Contract. Married Woman. Presumption. Pleading. Practice.*

In an action by a mother to recover for the services of her minor son, it appeared that she hired out the son to the defendant's agent at a stipulated rate per week for an indefinite time; and that after a time defendant informed the son that if he would not work at a less rate he would be discharged, but that if he would work at a less rate he might remain, and that the son remained. *Held,* that the notice to the son did not affect the mother, and that she could recover at the greater rate.

The plaintiff was described in the writ as *Mrs. Held,* no presumption of law therefrom that she was under disability of coverture to sue alone.

The action was book account. *Held,* no exception therein to the general rule requiring disability by reason of coverture to be pleaded.

Questions not raised in the County Court will not be considered on exceptions in the Supreme Court.

Book Account. The plaintiff was described in the writ as *Mrs.* Sarah Ballard. The auditor reported in substance the following facts :

On May 1, 1876, the plaintiff agreed with James Meyers, the agent of the defendant in such behalf, that her son, a minor, should work in the defendant's office at the rate of $6 per week, until such time as he should begin to keep the defendant's books, and that after that time he should work at the rate of $10 per week. The son then went to work under that agreement, and continued at work until December 9, 1877. He began to keep the books on January 1. On or about August 1, the directors of the defendant, who had understood that he was hired for $6 per week, learned that he claimed that his salary was to be at the rate of $9 per week after he began to keep the books, and ordered that he be discharged. He was then notified thereof, but told that he could remain, if he would remain for $6 per week; and he remained until December 9, as already stated, keeping the books as before. He charged to himself on the defendant's books, all the money paid on account of his services and credited himself with his services, crediting after January 1 at the rate of $9 per week. There was no evidence that he ever claimed pay at a greater rate. The auditor found that if the plaintiff was entitled to recover at the rate of $6 per week for the whole time, she should recover $49.50 ; if at the rate of $9 per week from January 1 to August 1, she should recover $140 ; if at the rate of $10 per week during that time, she should recover $170.50 ; and if at the rate of $10 per week from January 1 to December 9, she should recover $195.50.

The defendant " objected to the report . . . because from the facts reported . . . judgment ought to be rendered thereon for the defendant." But the court, Royce, J., presiding, at the April Term, 1879, rendered judgment, *pro forma*, on the report for the plaintiff for $140 ; to which the plaintiff excepted, for that the judgment should have been for the largest sum.

*Farrington & Post*, for the plaintiff, contended that as the defendant had continued to receive the services under the contract,

the plaintiff should receive the largest sum, in accordance with the contract, and cited *McDonald* v. *Montague*, 30 Vt. 357.

*Noble & Smith*, for the defendant.

The plaintiff did not prove her right to sue. The report does not find but that she was still a married woman. The burden was on her. The defendant's right to this objection was not waived by failure to plead in abatement, for this form of action is purely statutory, and the ordinary rules of practice as to time of pleading do not apply to it. The objection might be taken at any time before judgment. *Loomis* v. *Barrett*, 4 Vt. 450 ; *Smith* v. *Bradley*, 39 Vt. 366 ; *Matthews* v. *Town*, 39 Vt. 433, 438 ; *Burk* v. *Phips*, 1 Root, 487, and other cases.

The fair inference is that the plaintiff knew that the boy was receiving only $9 per week after January 1.

The contract was for no specific time, and was terminable at the pleasure of either party. The notice to the boy terminated any contract with the plaintiff. *McDonald* v. *Montague*, 30 Vt. 357, has no application here, as the contract there was for a specific time.

The opinion of the court was delivered by

VEAZEY, J. The auditor finds that the defendant by its authorized agent contracted with the plaintiff for the services of her minor son, at a stipulated price per week for an indefinite time. The son began work for the defendant under this contract, May 1, 1876, and continued work until December 9, 1877. It does not appear that the defendant ever notified the plaintiff of any change in this contract, or attempted change, with her son. Therefore the notice to the son of a reduction of price could not affect the plaintiff. The principles governing such a contract are fully stated in *McDonald* v. *Montague*, 30 Vt. 357, and that case is decisive of this one on this point. The fact that the contract in that case was for a definite period affords no ground for applying a different rule in this case.

But the defendant contends that as the report does not expressly find that the plaintiff, who is set up in the writ as Mrs. Sarah

Ballard, is not under disability to sue, she cannot maintain the action. We do not think there is any such legal presumption now against the female sex,—whatever it may have been nearly one hundred years ago, when the case of *Burk* v. *Phips*, 1 Root, 487, to which we are cited, was decided. The legal status of the sex has undergone great changes since then. There are several instances under our statutes where a married woman having a husband living may sue alone. Add to these the large class who are entitled to be called " Mrs.," yet have no husbands by reason of death or divorce, and they make too large a number to warrant us in holding that the title of " Mrs." placed before the plaintiff's name in a writ, raises a general legal presumption of disaability to sue, even if it appears that the suit is brought to recover for the services of a minor son. We think this case should not be an exception to the general rule of pleading which requires disability of plaintiff to sue, to be pleaded.

In this case, if the rule was as the defendant claims, the question not having been raised in the County Court, cannot be raised here. This court revises only such questions as were raised below.

*Judgment reversed, and judgment for the plaintiff for the largest sum.*