STATE, REBECCA L. ELBERSON, PROSECUTRIX, v. ERWIN V. RICHARDS.

Initials cannot be used for the Christian names of parties to actions, except in cases of parties described by initial letters in bills of exchange, promissory notes, or other written instruments, under Section 28 of the Practice Act.

On *certiorari* to a justice of the peace. In attachment.

Argued at November Term, 1879, before Justices DEPUE and SCUDDER.

For the plaintiff, *J. Steen.*

For the defendant, *A. G. Richey.*

The opinion of the court was delivered by

SCUDDER, J. In an action by foreign attachment in the court for the trial of small causes, the defendant was described

in the affidavit, writ of attachment, state of demand, and judgment, as Mrs. J. W. Elbertson. Her correct name is Rebecca Louisa Elberson, and she is, and was at the time of suit, the wife of Joseph W. Elberson. The names Elbertson and Elberson are so near alike that they may be considered *idem sonans*, and the difference is so little that no prejudice could come to the defendant below by the slight change of name. The addition and suppression of the "t," or other consonant, in surnames ending with "son," is quite common, and is not a material variance in pleading, though it is sometimes so estimated in families. The second objection is more material. Neither Mrs. nor J. W. are proper Christian names. The former only distinguishes the person named as a married woman, while J. W. are but initials, and no name.

It must be stated, with certainty, who are the parties to the suit, and actions, to be properly brought, must be commenced and prosecuted in the proper Christian and surnames of the parties. 1 *Chit. Pl.* 256; *Frank* v. *Levie*, 5 *Rob.* 600.

The exception is found in the statute 3 and 4 *William IV.*, c. 42, § 12, which has been adopted in our state, (*Practice Act*, *Rev.*, *p.* 852, § 28,) and this enacts that, in all actions upon bills of exchange, promissory notes, or other written instruments, any of the parties to which are designated by the initial letter or letters, or some contraction of the Christian or first name or names, it shall be sufficient to designate the person by the same initial letter, letters or contraction, instead of stating the Christian name or names in full. This case, in attachment for a store book account, is not within the exception.

In *Miller* v. *Hay*, 3 *Exch.* 14, the defendant was described as W. D. Hay, and there was a special demurrer, assigning for causes that the defendant's name was not properly stated, as he was described only by his surname and two initials, without any excuse for his full Christian names not being inserted, and without any allegation to show that he had no Christian name or names, or that he was described by initials, or had so described himself in the bill of exchange in the

declaration mentioned. It was held to be an insufficient designation of the defendant, and bad on the face of the declaration.

So in *Nash* v. *Colder*, 5 *C. B.* 177, in an action of *assumpsit* on a bill of exchange by endorsee against the acceptor, it was said that the initial letter " W." was an incorrect description of the party, and the court say that the declaration which alleges no excuse for so describing the defendant, is bad, and refused to set aside the demurrer as frivolous, but allowed the plaintiff to amend under statute 3 and 4 *William IV.*, *c.* 42, § 11, which abolished the plea in abatement in any personal action for misnomer, and permitted the plaintiff to amend, on payment of costs, by inserting the right name, upon a judge's summons, founded on an affidavit of the right name.

To the like effect are some cases in our courts. *Clayton* v. *Tonkin*, 4 *Halst.* 252 ; *Seely* v. *Schenck*, *Penn.* 75 ; *Wood* v. *Fithian*, 4 *Zab.* 838.

There is no relaxation or change of this rule of description, in proceedings on attachment. In *Locke on Attachment*, *p.* 5, it is said that the Christian and surname of the debtor and creditor shall be stated.

It is of no effect, as is testified in this case, on affidavits taken, that the defendant, when obtaining goods on credit, at the store of the plaintiff, described herself as Mrs. J. W. Elberson, promised to pay for the goods, and that the entries in the books of account were in that name. She would not be estopped to deny that was her full name. If this were so, then, before the statute, whenever a person gave a note signed by a name with initials for the Christian name, and obtained credit thereby, he would not be permitted to deny the sufficiency of the description. This was not the rule, as clearly appears above, in the case of Miller *v.* Hay. There is, in fact, no fraud or deception, for every one giving credit will be held to know that a mere initial is not a true description, and is not a full Christian name. There can be no pretence, in this case, that the plaintiff did not know that the defendant was giving merely the initials of two Christian names, and he

could have made inquiry, and obtained the full names before he gave the credit. He must have known, also, from the description given, that he was dealing with a married woman, and was put upon his guard to use the greater care, if he would hold her for goods sold.

As the proceedings in this case are under a special jurisdiction given to a justice of the peace, to issue out of the court for the trial of small causes, an attachment against absconding and absent debtors, and not under the general provisions of the act for the trial of small causes, I think the plaintiff, in the absence of the defendant, during the progress of the cause to judgment and sale of the defendant's property, must proceed at his peril, against a married woman living with her husband when the debt was contracted, in giving the true name to the' defendant whose property is attached, and that there should not be any amendment in this particular, at this stage of the proceedings.

The judgment below is reversed.