CLARINDA MOREY *vs.* ABIJAH MOREY.

October 9, 1880.

**Decree of Divorce in another State—Inquiry into Jurisdiction of Court** —Whenever a fact of divorce is sought to be proved by a certified transcript of the record of a decree of divorce rendered in another state, the validity of the decree may be inquired into and questioned for want of jurisdiction, if that defect affirmatively appears upon the face of the record itself as so certified.

**Recital in Record of Manner of Service of Process.**—When, in respect to the service of process upon a party defendant, the record particularly specifies the kind and manner of service that was made, it will not be presumed, in the absence of any recital or averment in the record to the contrary, that there was any other or different kind or manner of service from that stated.

**Service by Publication must conform with Statute.**—Statutes which authorize, in lieu of a personal service of process upon a party, a constructive service by publication, must be strictly followed, in order to subject the party to the jurisdiction of the court issuing such process.

Ejectment for certain property in Winona county. Both parties claimed title through Andrew Morey, deceased, who died on June 18, 1876, seized of the premises described in the complaint as his homestead. The marriage of plaintiff with Andrew Morey, the death of Andrew Morey seized of the premises as a homestead, and the possession of defendant adverse to the plaintiff, were admitted in the pleadings. At the trial in the district court for Winona county, before Mitchell, J., the plaintiff having rested her case, the defendant offered evidence proving that he entered into possession under the last will of Andrew Morey set forth in his answer, and also proved that in January, 1870, a marriage was contracted between Andrew Morey and one Harriet Stinson, conceded to be legal provided Andrew Morey was then divorced from plaintiff, and that said Harriet, in April, 1878, claiming to be the widow of Andrew Morey, conveyed all her interest in said homestead to defendant. The only defence made to plaintiff's right to recover possession of the premises was that the plaintiff was not the wife of Andrew Morey at the time of his decease, but had been divorced from him; and the only evidence offered to sustain the defence was the record of proceedings had before the circuit court of Adams county, Wisconsin, (which are stated in the opinion,) and the laws of Wisconsin relative to such proceedings.

The court found that plaintiff was not entitled to possession of the premises, and that the defendant was entitled to judgment. A new trial was refused, and the plaintiff appealed.

Wilson & Gale, for appellant.

A. N. Bentley, for respondent.

CORNELL, J. The requirement of the federal constitution, that "full faith and credit shall be given in each state to the records and judicial proceedings of every other state," has no application to decrees and judgments in actions wherein the court has acquired no jurisdiction over the parties to be thereby affected. Bissell v. Briggs, 9 Mass. 462. If, there-

fore, upon an inspection of the record from another state, want of jurisdiction is disclosed as to a necessary party, the judgment or decree will be held void and of no effect as to such party, even in a collateral proceeding. *Hahn* v. *Kelly*, 34 Cal. 391. In determining the question of jurisdiction from such inspection, in a case where the record itself shows a particular mode or manner in which jurisdiction over the person of the defendant was acquired, it will not be presumed to have been obtained in any other way, in the absence of any averment or recital to that effect. *Settlemier* v. *Sullivan*, 97 U. S. 444; *Falkner* v. *Guild*, 10 Wis. 563.

In this case the certified transcript of the record of the divorce proceedings, which was introduced in evidence, under objection, makes this showing: On the 24th day of November, 1856, one Andrew Morey, the then husband of Clarinda Morey, the appellant herein, commenced a suit against her in the circuit court of Adams county, in the state of Wisconsin, for a divorce, on the ground of desertion, by filing on that day his bill of complaint with the clerk of that court, in which it was stated that she, the said defendant therein, "was then living in the state of Vermont." Thereupon, pursuant to the prayer of the complaint, a writ of subpœna was issued to the sheriff of said county of Adams, commanding him to summon the said defendant, Clarinda Morey, to appear and answer said bill of complaint at a time which was therein named. The return of the officer to this writ states that he was unable to find said defendant in his county. Upon filing this return, and an affidavit of complainant's solicitor tending to show her non-residence, an order was made on the 30th of December, 1856, in substance as follows: "It satisfactorily appearing to this court, upon inquiry, that the defendant cannot be found within this state, and has not caused her appearance to be entered in this court, * * on motion of complainant's solicitors it is ordered that the defendant appear, plead, answer or demur to the complainant's bill of complaint in this cause by the —— day of March, A. D. 1857, and in default thereof

that the said bill be taken as confessed by the said defendant; and it is further ordered that a copy of this order be published within 20 days from this date in the *Badger State*, a newspaper published at Portage, at least once in each week for six successive weeks." Proof by affidavit was made of the publication of this order, with the blanks in the date filled as of the first day of March, for "the term of six weeks; the first publication being on or about the sixteenth day of January, A. D. 1857." Testimony was thereupon taken, and the decree was entered dissolving the marriage between the parties to said suit. There is no recital in the decree, or in any part of the record, indicating any appearance of the defendant in said suit, or that any process was served upon her in any other way than as above stated.

Upon this showing the court below correctly finds that "the said Clarinda Morey never appeared in said action, and had no actual notice of its institution or pendency till after final judgment therein, nor was any process ever served upon her, except by publication as above stated." Was this a sufficient constructive service of process upon the defendant in that suit to confer jurisdiction? According to the laws of the state of Wisconsin in force at that time, as found by the district court herein, it was provided that if it appears by affidavit or otherwise that the defendant in an action is out of the state, the court may by order direct such absent defendant to appear, plead answer or demur, *at a certain day therein to be named, not less than three nor more than six months from the date of such order;* which order shall, within twenty days thereafter, be published in one or more of the newspapers printed in the state for six weeks successively, at least once in each week; and that, upon proof of such publication of such order to the satisfaction of the court, the complainant's bill may be taken as confessed, in case defendant fails to appear and plead. Rev. St. Wis. 1849, c. 84, § 18.

Statutes of this character, which provide for a constructive service of process by publication as a substitute for personal

service, must be strictly pursued in order to bring a party within the jurisdiction of the court. *Gray* v. *Larrimore*, 2 Abb. (U. S.) 542; *Settlemier* v. *Sullivan*, 97 U. S. 444. The order which was made and published in this case only gave the defendant two months in which to appear and plead. Its publication, therefore, was of no avail as notice to the defendant, as it was unauthorized by the statute, and the judgment founded on it was a nullity. *Brownfield* v. *Dyer*, 7 Bush, (Ky.) 505.

Order reversed.