### R. LUNSCHEN v. G. L. PETERSON and Another.[1]

January 17, 1913.

No. 17,794—(142).

**Verdict sustained by evidence.**

A verdict finding that the summons was not served in an action wherein judgment was entered by default, and upon execution issued thereon the land involved in this action was sold, *held* sustained by the evidence.

**Service of process — what evidence admissible.**

Testimony as to the value of lands owned in the county, by the one upon whom service of a summons in an action for money judgment purports to have been made, *held* admissible as indirectly bearing upon the probability of such service, in view of his situation and subsequent conduct.

**Special findings.**

Although by agreement a suit in ejectment and an action to remove a cloud were merged for the purpose of trying one determinative issue, it was not error to refuse a request that the jury find specially on that issue, where the court instructed the jury to predicate the general verdict solely on the one issue tried.

Action in the district court for Lincoln county to vacate a judgment for $770.75 against plaintiff, to cancel and expunge from the record an execution, levy and certificate of sale thereunder. The amended complaint alleged that the judgment was null and void because no summons was ever served on plaintiff; that plaintiff never appeared in the action either in person or by attorney; that the defendant never acquired or had jurisdiction over his person; that the value of the real estate involved was over $10,000; set out the

[1] Reported in 139 N. W. 506.

facts concerning the docketing of said judgment, the issue of execution, the sale of the premises thereunder by the sheriff for the sum of $402.70, the execution and record of the sheriff's certificate of sale; that by reason of these facts the court in making, entering and docketing the judgment did not have jurisdiction of the plaintiff, and by reason of the fact that no copy of the execution and levy indorsed thereon was ever served on the plaintiff, and by reason of the fact that no notice of the sale was ever served on the plaintiff or posted or published as required by law, the judgment, execution, levy and sale thereunder were wholly void, but that the want of jurisdiction and irregularities did not appear upon the record, and that such judgment, execution, levy and sale together with the certificate constitute a cloud on plaintiff's title to the premises. The defendant demurred to the amended complaint.

The case was tried before Olsen, J., and a jury which returned a verdict that plaintiff was the owner of the property described in the complaint and entitled to recover immediate possession thereof from the defendants. From an order denying defendants' motion for judgment notwithstanding the verdict or for a new trial they appealed. Affirmed.

*Louis P. Johnson* and *Lind, Ueland & Jerome,* for appellant.
*R. F. Schulz* and *Johnson & Lende,* for respondent.


HOLT, J.

Two actions were brought by plaintiff against G. L. Peterson; one being for the recovery of possession of 173 acres of land in Lincoln county, in which case Peterson's tenant was also a party defendant, and the other to remove a cloud from the title to said land. When the cases were reached for trial, it was arranged to have both disposed of by the trial of one issue to the jury then impaneled.

The issue then agreed upon as determinative of each case was whether or not the summons had been served upon R. Lunschen, in an action wherein the defendant Peterson herein was plaintiff and the plaintiff herein was defendant, brought in the district court of said county on March 10, 1910, to recover on a promissory note given by R. Lunschen to the father of defendant Peterson, and transferred

120 M.—19.

by the father to the son prior to the commencement of the action. In this last-named action a judgment was duly rendered April 20, 1910, on default, for $770,75, execution issued, and thereunder the land above mentioned, then owned by Lunschen, was levied upon and sold to the defendant Peterson on June 20, 1910. No redemption was made. The record does not disclose when Peterson's tenant took possession, or when Lunschen first discovered that fact, or when he first learned of the judgment and execution sale. The actions herein were begun in February, 1912. It is conceded that defendant Peterson's only claim to the land rests on the said execution sale. Hence, if the judgment under which the sale was made was void for want of jurisdiction, the sale thereunder conferred no rights in the land. The jury found a verdict that plaintiff was the owner and entitled to recover the immediate possession thereof from the defendants. The defendant Peterson appeals from the order denying his alternative motion for judgment notwithstanding the verdict or for a new trial.

The three main contentions of defendant are: (a) That the verdict is not sustained by the evidence under the law applicable to the issue here involved; (b) that the court erred in receiving evidence as to the value of the land; and (c) that the court should have submitted the special verdict requested by defendant to the jury.

The jury was given the correct rule by which to determine the issue litigated. The court, after stating that the sheriff's certificate was strong prima facie evidence of the fact of service upon Mr. Lunschen, charged that the burden of proof was upon plaintiff to show by clear and satisfactory evidence that no summons was served upon him in the action wherein the judgment was rendered, and that a mere preponderance of the evidence in his favor was not sufficient. This instruction is conceded to be correct by appellant, and in accord with the rulings of the court in Jensen v. Crevier, 33 Minn. 372, 23 N. W. 541; Allen v. McIntyre, 56 Minn. 351, 57 N. W. 1060; Knutson v. Davies, 51 Minn. 363, 53 N. W. 646, and Vaule v. Miller, 69 Minn. 440, 72 N. W. 452. But the contention is that the evidence, instead of being clear and satisfactory in favor of the verdict, is almost conclusive against it.

Plaintiff maintained that he was in Iowa at the time the summons purports to have been served upon him at Ivanhoe, the county seat of Lincoln county, this state. The sheriff, who personally made the service, had known Mr. Lunschen for more than two years. His records or books corroborated the return. The hotel register at Tyler, a village only 15 miles from Ivanhoe, has a signature on March 11 strikingly similar to an admitted genuine signature of Lunschen when he stopped at the same hotel on March 18. A disinterested witness who knew him stated that he saw him on the 10th, the day of the purported service, in Ivanhoe. The testimony of several witnesses that on March 9 he was within 12 or 15 miles of Ivanhoe and Tyler at an auction near Elkton in South Dakota, where he bought sheep, all tend to prove that plaintiff was not in Iowa, as he claims, at the time of the alleged service. And it must be conceded that the printed record and original exhibits presented in this court lend strong color to the contention that plaintiff was not testifying truly when he stated that the summons had not been served on him and that he was not in the state at the time.

On the other hand, we have the fact that on March 8 plaintiff was still in Iowa, because he then executed an appeal bond in a suit there had by his son; the plaintiff's positive assertion that he was not served, and was not away from Tipton, Iowa, till several days after March 10; the testimony of members of his family corroborating his presence in Iowa; and, more especially, plaintiff's conduct subsequent to the purported service. In February, 1910, some correspondence passed between the then holder of the note, the father of the present defendant, and this plaintiff; also a letter was written by an attorney in regard to the note. Plaintiff testifies that soon thereafter, whether before or after March 10 is perhaps uncertain, he went up to see Peterson, Senior, about the note. The correspondence was not offered, but enough is shown to indicate that plaintiff did not wilfully let matters go by default, and that he was ignorant of the fact that Peterson, Senior, had transferred the note to the son. This again appears from the fact that after the execution sale plaintiff tried to find defendant's father, to pay, as he claims, $300 on the note. When he found that Peterson, Senior, had gone out to his farm, he left the money at the bank at Elkton. This

money the defendant herein obtained and applied, as he says, on the judgment. Not the slightest inference may be drawn from the record that at this time plaintiff had any notice or knowledge that there was a judgment against him, or that the land had been sold. The plaintiff, though apparently not quite at home in the English language, shows that he was familiar with business and had had experience in litigation. The farm appears to have been worth more than $10,000. There is nothing in the record to show any incumbrance thereon. Under these conditions, there is much in plaintiff's conduct and situation which strongly corroborates his contention that he was not served with summons in the suit brought against him by Peterson.

In examining the evidence with a view of determining whether or not the decision finds sufficient support therein, the appellate court ought not to lose sight of the inherent justice of the result reached in the trial court. If the party defeated in the lawsuit has lost no property to which he is morally entitled, and the prevailing party has obtained no more than he, in justice, ought to have, the appellate court should long hesitate to disturb a verdict, approved by the trial court, on the sole ground that the evidence is not sufficient to support it. Unless we can say upon the record in the instant case that plaintiff and his witnesses are clearly mistaken, or else wilfully falsified, there is ample testimony to sustain the verdict. The credibility of witnesses was for the jury to determine as well as to apply the rule given by the court that, in order for plaintiff to prevail, the testimony of no service of the summons in the suit mentioned must be clear and satisfactory.

Over the objection of defendant, plaintiff was permitted to testify that the farm was worth from $60 to $65 an acre. The defendant earnestly contends that this evidence was irrelevant and immaterial to the issue as to whether the summons in the suit on the promissory note was served or not, and that it strongly tended to prejudice and inflame the jury. It may be doubted that, even if there was technical error in receiving evidence of value, any prejudice in fact resulted to defendant; for it may be safely asserted that any ordinary jury

in our rural districts have a fair knowledge of the general value of the farms or farming lands in their county. But within the rule permitting the trial court a wide latitude in the introduction of testimony indirectly bearing upon the issue, we are of the opinion that no error was committed in showing the conditions existing.

Even if Lunschen had no defense to the promissory note, so that no inference could be drawn from a failure to answer a summons duly served, it is not the ordinary conduct of men, possessed of valuable property subject to sale upon judgment, such as was shown here, to permit the whole to be irretrievably lost on a small debt. It seems to us that the court did not err in permitting evidence of the true situation, namely, that Lunschen owned valuable property in the county, where it is claimed that he was sued, and that he made no effort to protect this property, although he apparently sought to pay off the debt to the original holder of the note. His conduct, in view of the situation, is persuasive, and, to throw light on his conduct, the location and value of the property which might, by virtue of the litigation, be subject to loss, bears at least indirectly and materially on the issue tried.

On the oral argument the contention was advanced by defendant that the record fails to show that plaintiff suffered any great loss by the execution sale, for the farm may have brought all it was worth. There is no testimony as to the amount for which it was bid in at the sale by defendant, or that it was subject to any incumbrance. In the complaint to remove a cloud, it was alleged that the sale was for $402.70. The demurrer interposed admitted this, but at the trial it was agreed that the answer in the ejectment case, being a general denial, should stand in both. We have, however, the admission that the judgment was for $770.75, and that after the sale there was still a deficiency large enough to apply the whole sum of $300 thereon. The inference is therefore warranted that the sale brought no more than $470.75 and costs.

The last objection urged is that here, where an action at law and a suit in equity were merged for the purpose of trial, and by agreement the sole issue tried was whether or not Lunschen was served with summons in the action wherein the judgment was rendered

under which the land was sold to defendant, there should have been no general verdict, but merely a special finding on the single issue tried. We do not hold that the practice contended for would not have been proper, but we are of opinion that practically such was the effect of the procedure had.

The court in clear and unmistakable terms and with legal accuracy, instructed the jury that the only issue for them to try was whether or not there had been a service of the summons in the action of Peterson v. Lunschen, and as to that issue the burden was upon the plaintiff herein to prove by clear and satisfactory evidence that it was not served, in order to render a verdict for possession of the land; otherwise, the verdict must be for defendant. If it was desirable to keep from the jury the effect of their verdict, in order that the same should be based on the unvarnished truth as to the facts, and not be influenced in any degree by that sense of fair play and justice which actuates the ordinary man and juror, we do not think this object could have been any better subserved by the course urged by appellant. We doubt whether any jury can be found dull enough not to understand the legal consequences of an answer to the special finding requested by defendant.

The verdict herein undoubtedly appeals to the innate sense of justice of every one. The only debatable question is whether the evidence upon which this result is based, measured by legal standards, is clear and satisfactory. We have, however, concluded that, under the rule governing a court of review, we may not say that the verdict, approved by the trial court, is not sufficiently supported by the evidence.

The order is affirmed.