## IN RE APPLICATION TO REGISTER TITLE TO LAND. JOHN H. BROWN v. HARRIET REINKE.[1]

June 6, 1924.

No. 23,475.

**Assignment of judgment.**

1. The mode of assigning judgments prescribed by section 7909, G. S. 1913, is not exclusive. Judgments have the assignable quality of choses in action. An assignment in any form passes an equity which the courts will recognize and protect. An assignment defectively acknowledged, but otherwise regular on its face, gives the assignee the right to have execution to enforce the judgment.

**Pleading name of married woman.**

2. In law, a married woman's name consists of her Christian name and her husband's surname, the prefix "Mrs." being a mere title. If ignorant of her name, the plaintiff in an action against a married woman should allege that fact and, when her true name is ascertained, it should be substituted for the name by which she was sued.

**Proof of service of summons sufficient.**

3. No presumption of jurisdiction attaches to a domestic judgment when the record contains a certificate by the sheriff of service of the complaint and none of the service of the summons. Under such circumstances the plaintiff has the burden of proving actual service of the summons. The evidence was not sufficient to warrant a finding that such service had been made.

[1] Reported in 199 N. W. 235.

In proceedings by John H. Brown to register title to land in Koochiching county, Stanton, J., made findings and decreed that a certificate of title be issued to the applicant. From the judgment and decree and intermediate orders made by the trial court necessarily affecting the decree adverse to the rights of Harriet Reinke, she appealed. Reversed.

*William B. Phelps*, for appellant.

*John H. Brown*, pro se.

LEES, C.

Appeal from a decree directing that a certificate of title to land be issued to respondent.

In the year 1903, Charles G. Wallace obtained a patent from the United States. In 1915 he conveyed the land to William A. Watts, who immediately conveyed it to Harriet Wallace, formerly the wife of Charles. She had been divorced in May, 1914, and later remarried, her present name being Harriet Reinke. It is conceded that she had the title, unless she lost it by virtue of an execution sale had on March 10, 1920, to enforce a judgment of $64.85 in favor of the Minot Flour Mill Company and against Charles Wallace and Mrs. Charles Wallace, entered in the district court of Itasca county on December 9, 1910. Respondent was the purchaser at the sale, from which there was no redemption. The appellant asks for a reversal on three grounds.

1. An assignment of the judgment to S. C. Anderson was received in evidence. It is dated December 12, 1919, signed "Minot Flour Mill Co. by Wm. Dunnell, V. Prest.", and acknowledged by Dunnell before a notary public in the state of North Dakota. The acknowledgement is not in the form prescribed by subdivision 3, § 5740, G. S. 1913. Appellant contends that the assignment is, therefore, invalid and that the assignee had no authority to enforce the judgment.

The statute provides that assignments of judgments shall be in writing, signed and acknowledged by the assignor. Section 7909, G. S. 1913. Judgments have the assignable quality of choses in action. If a statutory mode of assignment is provided, it is cumu-

lative, unless other modes of assignment are forbidden. An assignment not in conformity with the statute passes an equity which the courts will recognize and protect and entitles the assignee to have execution to enforce the judgment. 15 R. C. L. p. 775; 2 Freeman, Judg. § 422; Gardner v. Mobile & N. W. R. Co. 102 Ala. 635, 15 South 271, 48 Am. St. 84; 23 C. J. 365.

It has been held that an acknowledgment is not essential to the validity of a deed, mortgage or contract to convey land. Dunnell, Minn. Dig. § 66. We perceive no reason why a judgment should stand on a different footing. Bennett v. Knowles, 66 Minn. 4, 68 N. W. 111, cited by appellant, involved the effect of a statute expressly declaring assignments for the benefit of creditors void unless duly acknowledged, and hence that case is not in point.

An acknowledgment may be necessary to entitle the assignment to record in the clerk's office and to make it effective as against creditors of the assignor and subsequent good faith purchasers, but that question is not now before us.

We hold that an assignment defectively acknowledged, but otherwise regular upon its face, is sufficient as between the parties to the instrument to transfer the judgment to the assignee.

2. Charles Wallace and Mrs. Charles Wallace are named as defendants in the summons, complaint and judgment. The sheriff's return is to the effect that he levied on all title and interest in the land of Charles Wallace and Mrs. Charles Wallace. They are the persons named in the notice of execution sale. The record title to the land stood in the name of Harriet Wallace after October 11, 1915. Appellant urges that the judgment was not a lien on her land because her legal name was not given in any of the proceedings, that the execution sale did not divest her of her title, and hence the respondent did not have a title proper for registration as required by sections 6888, 6889, G. S. 1913.

In law, a person's name consists of a given or Christian name, and a family surname. D'Autremont v. Anderson Iron Co. 104 Minn. 165, 116 N. W. 357, 17 L. R. A. (N. S.) 236, 124 Am. St. 615, 15 Ann. Cas. 114; Uihlein v. Gladieux, 74 Oh. St. 232, 78 N. E. 363; Henze v. Mitchell, 93 Neb. 278, 140 N. W. 149, Ann. Cas. 1914C,

108. The designation "Mrs." is a mere title and no part of a married woman's legal name. If the correct practice had been followed, appellant would have been sued as Harriet Wallace. If ignorant of her name, plaintiff should have alleged that fact in the complaint and substituted her true name when it was ascertained. G. S. 1913, § 7781. The practice followed was inexcusably loose, but, although there was a misnomer, if the summons was actually served on appellant, the weight of authority is to the effect that the court acquired jurisdiction to render the judgment against her. 21 R. C. L. p. 1324.

3. The judgment is attacked on the ground that there was no service of the summons, and hence the court never acquired jurisdiction. The judgment roll was introduced in evidence. It consists of a complaint, a verification by plaintiff's attorney, a summons, an affidavit of no answer, and the judgment. It contains proof of service of the complaint, but none of service of the summons. The certificate of service is signed by M. J. Horgan, a deputy sheriff of St. Louis county. The complaint, the verification and the summons are attached together under one cover, indorsed with the title of the action, the name and address of plaintiff's attorney and the word "Complaint." A recital in the judgment reads:

"The Summons, and complaint in this action having been duly served on Charles Wallace and Mrs. Charles Wallace, the defendants, on the 10th day of November A. D. 1910, and proof thereof filed with the Clerk,"

Upon this state of facts respondent asserts that the judgment must be sustained as against a collateral attack.

Whether the presumption of jurisdiction with which a domestic judgment is favored will sustain the judgment against a collateral attack is a question we have recently had occasion to consider. Leland v. Heiberg, 156 Minn. 30, 194 N. W. 93; Murray v. Murray, supra, page 111, 198 N. W. 307. What was said in those cases is applicable in a general way to the case at bar. Here the record contains an affirmative showing of service of the complaint and no showing at all of service of the summons. This suggests inquiry

as to the applicability of the rule of Gulickson v. Bodkin, 78 Minn. 33, 80 N. W. 783, 79 Am. St. 352, to the effect that the presumption of jurisdiction is not destroyed by the absence from the record of the jurisdictional facts. In other words, since the record contains no proof of service of the summons, can it be said that want of jurisdiction does not affirmatively appear? The record is not silent as to service; it affirmatively shows that the complaint was served. That fact appearing, a court is not at liberty to presume that any other service was made. Morey v. Morey, 27 Minn. 265, 6 N. W. 783; Godfrey v. Valentine, 39 Minn. 336, 40 N. W. 163, 12 Am. St. 657. The conclusion follows that the record raises no presumption of jurisdiction, and hence it was incumbent upon the respondent to prove that the summons was actually served.

It is familiar law that jurisdiction does not depend upon the proof but upon the fact of service. The court found as a fact that the summons was served on appellant. Was there sufficient evidence to sustain the finding? The deputy sheriff testified that he had no recollection of making the service and could not say that the summons was attached to the complaint when he made his return or at the time of the service. He knew the difference between a summons and complaint if he read them. His fees were the same whether he served either or both, provided the service was made at the same time.

The reception record in the sheriff's office was produced and showed that the complaint was received for service and was served on November 10, 1910. The record makes no mention of the summons.

The bill rendered by the sheriff for his fees refers to the complaint only. Appellant testified that but one paper was served on her, that it was a complaint and not a summons, and that she never received a copy of the summons. She was unable to produce the paper she received, a fire having destroyed it with her household goods. Prior to 1910 she had never been sued and was not familiar with court proceedings. She said she read the paper served on her; that it did not notify her to appear in court or answer, and that she did not consult an attorney; that she was not indebted

to the Flour Mill Company when the paper was served and that her husband may have been. No other evidence was presented for the consideration of the trial court.

As we view the record, there is but one circumstance upon which to base the finding that the summons was served. On examining the judgment roll, it will be seen that the complaint, verification and summons, in the order named and each written upon a separate sheet of paper, are attached together under a document cover such as is in common use among lawyers. The word "Complaint" is written on the cover. The certificate of service is attached to these papers. If the attorney prepared copies for the sheriff's use, in accordance with the prevailing practice, and put them together the same as the originals and the sheriff delivered one set of the copies to appellant, the summons as well as the complaint was served. It may be that in making his return the deputy sheriff did not look beyond the indorsement on the cover. On the other hand, it is possible that the papers were not fastened together as they are now when the sheriff received them. They were not filed with the clerk until December 9, 1910. It may be inferred that after the service was made the sheriff sent them to the attorney and not to the clerk. In short, several possibilities are suggested. The only certainty is that the summons and complaint are under one cover now. Respondent had the burden of proving that there was actual service for, upon the record presented, service cannot be presumed.

The question of the sufficiency of the proof of service was considered in Lunschen v. Peterson, 120 Minn. 288, 139 N. W. 506. Here, as in the case cited, it is clear that appellant had no notice of the judgment or of the sale of her land. The value of the land was not shown, but it appears from an abstract of title in evidence that, for a consideration of $1,200, the timber was conveyed in 1902, with the privilege of removal within 20 years. It was stated in the argument and not denied that the timber has not been removed. It is a fair inference that the land is worth very much more than the amount of the judgment, now that the right to remove the timber has expired.

The fact that appellant did nothing to protect her interests until the present action was commenced is evidence tending in and of itself to corroborate her statement that she never received the summons. Lunschen v. Peterson, supra. Considering all the evidence, direct and circumstantial, we are unable to hold that there is a preponderance in respondent's favor sufficient to support a finding of actual service.

The judgment is reversed and a new trial granted.