### IN RE APPLICATION TO REGISTER TITLE TO LAND. JOHN H. BROWN v. HARRIET REINKE.[1]

December 11, 1925.

No. 24,935.

**Law of the case.**

Former decision law of the case, where the record on second appeal is substantially same as on first appeal. [Reporter.]

After the former appeal reported in 159 Minn. 458, 199 N. W. 235, the case was tried before Wright, J., who ordered judgment dismissing the application. Applicant appealed from the judgment. Affirmed.

*John H. Brown,* pro se.

*William B. Phelps,* for respondent.

PER CURIAM.

This is a second appeal. The opinion disposing of the first will be found in 159 Minn. 458, 199 N. W. 235, 35 A. L. R. 413. It was held that the

[1]Reported in 206 N. W. 406.

evidence was insufficient to support a finding that the summons had been served upon the respondent in an action in which a default judgment was entered against her and her former husband, Charles G. Wallace. The second trial resulted in a specific finding that the summons had not been served upon her, and the conclusion that the judgment was void for want of jurisdiction over the person of the respondent and that the sale on execution of the land involved in this proceeding was wholly void. The appeal is from the judgment.

The only question to be considered is whether the evidence supports the particular finding to which we have referred. Appellant insists that it does not and that such convincing evidence of the service of the summons was produced at this trial as to require the court to find the other way. A careful examination of the record and a comparison of the evidence contained therein with that in the record on the first appeal has satisfied us that appellant added little, if anything, to the evidence produced at the first trial. Taken as a whole, the two records are substantially the same, hence the former decision becomes the law of the case.

Judgment affirmed.