In this case the plaintiff instituted an action at law against "Mrs. Francis M. Phelan, Sr., also known as Mrs. K. Phelan, as also Mrs. Katherine E. Phelan," and the declaration shows that the Phelan Lumber Company was indebted to the plaintiff in a certain sum of money represented by certain promissory notes which are therein described and copies of which are attached to and made a part thereof; that certain of said notes were past due and the said Phelan Lumber Company being desirous of securing their payment procured from the defendant for a valuable consideration for the use of the plaintiff a certain guaranty in writing executed by her and binding herself, her heirs, executors and administrators, "to the payment of said notes, in the event of the failure of the maker or *Page 1166 
endorsers thereof to make payment within thirty days after the maturity" (a copy of the said guaranty being attached thereto and made a part thereof); that the makers and endorsers have each failed and refused to pay said notes or either of them, and that demand has been made upon the guarantor to make good her guaranty which she failed and refused and continues to fail and refuse to do.
The defendant, who is defendant in error here, demurred to the declaration upon the following grounds:
 "1. That it affirmatively appears from the declaration that the defendant is a married woman and there is no showing that she has ever been made a free dealer in Florida.
 "2. That there is no showing in the declaration that the notes have been protested as against the maker and endorsers for failure to pay in order to justify an action against the defendant as guarantor.
 "3. Because said declaration is vague, indefinite and uncertain in this that it does not allege when and where a demand was made upon the defendant and whether before or after maturity of the obligations upon which the contract of guarantee is sought to be enforced.
 "4. That a married woman in the State of Florida cannot have enforced against her a contract of guarantee such as sued on herein.
 "5. Because the declaration does not affirmatively show that the plaintiff has done all that is required of him before bringing action to recover on a guarantee.
 "6. Because it affirmatively appears from the guarantee sued on that an action cannot be maintained against the guarantor, the defendant herein, until thirty (30) days after presentation and maturity of the notes. *Page 1167 
 "7. Because said alleged contract of guarantee does not set out the particular notes described in the declaration as being the obligations for which the guarantor would be liable.
 "8. Because said Exhibit 'J,' which is the contract of guarantee set up, is vague, indefinite and uncertain in this that it does not allege the dates nor the amounts of the notes nor the maturity thereof.
 "9. Because said Exhibit 'J' is not an enforcible contract at law as against this defendant."
The demurrer was sworn to and subscribed by Katherine E. Phelan.
The court sustained the demurrer in an order which recited the following:
 "And the court being of the opinion that the said declaration cannot be amended so as to state a cause of action against the said defendant,
 "IT IS FURTHER ORDERED that said suit be dismissed and that the said defendant go hence without day and recover her costs to be taxed by the clerk of this court."
The cause is before us upon writ of error to that final judgment.
The only questions argued here that were raised by the demurrer relate to the sufficiency or insufficiency of the declaration to obtain a personal judgment against the defendant Mrs. Francis M. Phelan, Sr., it being the contention of the defendant in error that it is affirmatively shown by the declaration that said defendant is a married woman; that the declaration further affirmatively shows that the contract of guaranty relates to the promissory notes executed and delivered and payable in Florida; and that to *Page 1168 
enforce payment of said notes against a married woman in an action at law would be against the public policy of this State.
It is therefore apparent that the first question for us to determine is: Does it appear from the declaration that the said defendant is a married woman?
The conclusion that she is a married woman was evidently arrived at by the defendant in error by reason of the fact that the alleged contract of guaranty which was made a part of the declaration is signed "Katherine E. Phelan," and she is sued asMrs. Francis M. Phelan, Sr..
The prefix "Mrs." shows undoubtedly that at some time the defendant had been married to one Francis M. Phelan, Sr. Such prefix is not a name, but a mere title that usually distinguishes the person referred to as a married woman. However, it is not used exclusively by married women. Uihlien v. Gladieux, 74 Ohio St. 232; 78 N.E. R. 363; State v. Richards, 42 N.J.L. 69; State v. Kutter, 59 Ind. 572; Brown v. Reinke, 159 Minn. 458, 199 N.W. 235, 35 A. L. R. 413; D'Autremont v. Anderson Iron Co., 104 Minn. 165, 116 N.W. R. 357, 17 L.R.A. (N.S.) 236, 124 A. S. R. 615; Feld v. Loftis,240 Ill. 105, 88 N.E. R. 281. It is also used, and properly so, by widows and divorcees who make "too large a number to warrant us in holding that the title of 'Mrs.' " placed before the name of "Francis M. Phelan, Sr.," raises a presumption in law that the defendant is a married woman. Ballard v. St. Albans Adv. Co., 52 Vt. 325; Houston Oil Co. of Texas v. Griggs (Tex.Civ.App.), 181 So. W. R. 833. It is more logical to hold as did the Supreme Court of Georgia, that "The prefix 'Mrs.' appearing before the plaintiff's (in that case) name is ambiguous." Wrightsville and T. R. Co. v. Vaugh, 9 Ga. App. 371, 71 So. E. R. 691, 693. *Page 1169 
At common law, ambiguity, indefiniteness, and uncertainty, being defects in form in a pleading, are subject to a special, but not a general demurrer. However, in jurisdictions retaining the common law system where special demurrers have been abolished, such defects do not render a pleading demurrable, the proper remedy being a motion to strike or to compel the pleader to make it more certain. 49 C. J. 374, 727.
This Court has held that "ambiguity and argumentativeness are defects in pleading which at common law were treated as formal defects and were reached by special demurrer" (State v. Trustees Internal I. Fund, 47 Fla. 307, 316, 35 So. R. 986; Camp v. Hall, 39 Fla. 535, 569, 22 So. R. 792; Peacock v. Feaster, 51 Fla. 269, 40 So. R. 74), but special demurrers were abolished in Florida when the legislature enacted that
 "No pleading shall be deemed insufficient for any defect which could heretofore only be objected to by special demurrer;" Sec. 4293, (2627) Comp. Gen. Laws of Florida, 1927,
and now
 "If any pleading be so framed as to prejudice or embarrass or delay the fair trial of the action, the opposite party may apply to the court to strike out or amend such pleading." Section 4296 (2630) Comp. Gen. Laws of Florida, 1927.
A motion to require the plaintiff to amend by making his declaration more definite and certain in referring to the defendant would have been in order. Failing to make such motion, if it is the defendant's desire to establish the fact that she is a married woman, she still has the *Page 1170 
right to bring that question before the court by pleading coverture.
It follows that the court erred in sustaining the demurrer and dismissing the declaration.
We do not wish to be understood as approving in other respects the declaration in this case.
 "The law recognizes one Christian name or given name and the family surname. Bouvier's Law Dict. 467; 21 A. E. Ency. of Law, 306. At marriage the wife takes the husband's surname, * * * but otherwise her name is not changed." Uihlein v. Gladieux, 74 Ohio St. 232, 78 N.E. R. 363, 365; State v. Richards, 42 N.J.L. 69; State v. Kutter, 59 Ind. 572; Brown v. Reinke, 159 Minn. 458, 199 N.W. R. 235, 35 A. L. R. 413; D'Autremont v. Anderson Iron Co., 104 Minn. 165, 116 N.W. R. 357, 17 L.R.A. (N.S.) 236, 124 A. S. R. 615."
It would have been just as easy to have brought this action against Katherine E. Phelan as against Mrs. Francis M. Phelan, Sr.
Having come to the conclusion that it is not shown by the declaration that the defendant is a married woman, it would be a work of supererogation to settle the other questions raised by the assignments of error, and discussed in the briefs.
The judgment is reversed and the cause remanded for further proceedings.