QUESTION: May a person register as an elector under an assumed name?
SUMMARY: A person may not register as an elector under an assumed name; in registering as an elector the individual must be identified by his or her "true" name, i.e., one's given name and family surname. Section 98.111, F.S., provides in part that standard registration forms, which are intended to elicit information from a prospective voter, will contain an individual's "[f]ull name." See s. 98.111(3). With the exceptions of the oath of a nonregistered elector qualifying to vote in a national election in Florida which requires a person ". . . swear that my name is !mLN!x," and the execution of an "AFFIDAVIT, change of Name of Registered Elector" wherein the individual, under his or her new name, swears that his or her former name has been changed because of marriage or other legal process, voting registration statutes make no reference to a person's "true name" or one's given name and one's family surname which the law generally recognizes. See Carlton v. Phelan, 131 So. 117 (Fla. 1930); ss. 97.031(2) and 97.091(2), F.S. Generally, a person is free to change his or her name at will without any legal proceedings by simply adopting or assuming another name so long as the name change is not for a fraudulent purpose. Cf. In re Adoption of Long, 56 So.2d 450 (Fla. 1952); 57 Am. Jur.2d Name s. 10; 23 Fla. Jur. Names s. 2. Although s. 97.091(2), F.S., would at first blush indicate that assuming another name might require a marriage or other legal process, this requirement only relates to a name change occurring after one's initial registration as an elector. Likewise, the statutory prohibition against using an assumed name in an election process only applies when the registered elector uses a name other than the one under which the individual previously registered, or fraudulently uses the name of another in order to vote. Section 104.24, F.S. Although the Florida courts have apparently not passed on the use of an assumed name, the states of California and New Jersey have. In People v. Darcy,139 P.2d 118 (1 D.C.A. Cal., 1943), the California court based its decision on the issue of "perjury," and noted that a false statement need not be made for the purpose of injuring another. In order to constitute perjury the test is whether a false statement is material to the matter at issue. Thus, an "assumed name," customarily used and recognized when given in an affidavit for voter registration, is in fact a "false name" where in registering the voter is required to give his or her "full name." A change of name for voting purposes is only authorized in that state as a result of a court order or marriage, notwithstanding that the courts may for all other purposes recognize a name change by "usage" alone. In re Faith's Application, 39 A.2d 638, 22 N.J., Misc. 412 (1944), the New Jersey court held that the purpose of voter registration is to prevent fraud by: Ascertaining whether the person is qualified to vote, and by preventing impersonation. Voting qualifications include not only citizenship, age, and residence, but also freedom from conviction of certain crimes. Thus, the court reasoned registration under an assumed name gives no inkling of a person's prior identity. Common use of an assumed name does not suffice to make it a "true name," and accordingly the person's true name is his or her "full," "family," or name given him or her at birth and borne by him or her in common with the other members of his or her family. The state by its registration requirements does not prevent or interfere with a person using an assumed name for other purposes; it merely requires true identity for voting. In the Long case, the Supreme Court of Florida noted, "[t]he use of the assumed name gives us little concern. After all, a name is but the designation of a person, a means of identification. . . ." and this position has been followed in regard to the conveyance of property. Bacon v. Feigal, 86 So. 424 (Fla. 1920); see also 10 Fla. Jur. Deeds ss. 45-47, 49. With regard to the election process, however, the purity of an election per se is at stake. The registration of an elector is a sovereign act by which the individual, under oath, asserts that he or she is qualified to register as an elector. It is a constitutional prerequisite to any person becoming an "elector," and the individual's registration is a condition precedent to the exercise of the right to vote. Article VI, s. 3, State Const.; 29 C.J.S. Elections ss. 36, 38; accord: State v. Page, 169 So. 854, 858 (Fla. 1936). Considering the language of the various oaths required in our election and voter registration laws [ss. 97.031(2), 97.062(1), 97.063(4), 97.064(2), 97.091(2), and 98.111(3), F.S.] as well as that employed with regard to the penalty for assuming the name of another in voting, it would appear that the legislature is concerned primarily with voter identity and the prevention of election frauds as opposed to the past or present designation of the individual. [See] 57 Am. Jur.2d Name ss. 22-23. The use of an assumed name may well preclude the early identification of a registered elector who may be otherwise disqualified to vote or hold office under Art. VI, s. 4, State Const., because of either a felony conviction or an adjudication of mental incompetency without subsequent restoration of civil rights (Cf. Ch. 74-112, ss. 28 and 29, Laws of Florida) or removal of the disabilities of mental incompetency. I note that s. 98.111, F.S., further requires that an applicant swear that all the information on the standard registration form the individual completes is "true." I am of the opinion in view of the above, and in the absence of any statutory or judicial interpretations to the contrary relative to the true identity of an elector, an individual cannot use an assumed name in registering as an elector.